## McKonly v. Lancaster County et al.

Oliver S. Schaeffer, for rule; Guy K. Bard and Amos E. Burkholder, contra.

LANDIS, P. J., April 19, 1930.—On Sept. 17, 1927, a petition was presented for the opening of a public road in Manor Township, Lancaster County. Viewers were duly appointed, and on Nov. 21, 1927, their report was presented to the court of quarter sessions and confirmed nisi.

By the Act of March 27, 1903, P. L. 83, it is provided that "whenever any report of viewers, or juries of view, appointed by the court of quarter sessions of this Commonwealth to assess damages and benefits for the opening, widening, narrowing or vacating of any road, street or highway, or the taking of private property in and by the construction or enlargement of any public work, highway or improvement, shall have been filed, the same shall be confirmed by the court of quarter sessions to which the said report is made, at the expiration of thirty days from the date of the filing thereof, unless exceptions thereto have been filed within such time." Section 1 of the Act of May 26, 1891, P. L. 116, directs that "whenever any report of viewers, appointed by any court of quarter sessions to assess damages for the opening, widening or change of grade of any street, road or highway, shall be confirmed by the court of quarter sessions to which the said report is made, an appeal may be taken from the said court of quarter sessions by any party aggrieved by the said decree of confirmation, to the court of common pleas in said county for a trial of the question of damages by jury, according to the course of common law, within thirty days from the entry of said decree of confirmation by the court of quarter sessions, and not afterwards."

In this case there were no exceptions filed to the report. It became absolutely confirmed on Jan. 28, 1928. On Feb. 24, 1928, the plaintiff, Jere M. McKonly, appealed from an assessment of damages of $200 awarded to him to be paid by the County of Lancaster. On March 2, 1929, an issue was framed on the appeal in the court of common pleas to determine the damages sustained by the said plaintiff, but the actual appeal was not filed by the clerk of the quarter sessions court until March 14, 1929. On this ground,

144

counsel for the county commissioners asks to have the appeal stricken from the record.

I am of the opinion that this ought not to be done. The appeal was taken within the thirty days allowed by the act of assembly, and if the clerk of the quarter sessions court did not certify the proceedings at once, as he should have done, it was no fault of the appellant. This very question has, however, been decided in Mansfield Borough's Appeal, 158 Pa. 314, and no extended discussion need, therefore, be given to it. It was there held that, under the Act of May 26, 1891, which provides for appeals in road cases from the quarter sessions to the common pleas, "an appeal will be sustained if entered in the quarter sessions within thirty days from the confirmation of the report," and that the "certificate or transcript of the appeal need not be entered in the common pleas within thirty days."

This rule must, therefore, be discharged. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.