Vernon Park. Philadelphia's Appeal.

*Eminent domain—City parks—Municipalities—Act of May 13, 1857.*

Under the act of May 13, 1857, P. L. 489, which enacts that the courts shall appoint a jury to assess damages for land taken for public parks in Philadelphia, and that " the proceedings thereupon shall be the same and with like effect as upon the assessment of damages for the opening of streets," the proceedings must conform to the law as it may be in regard to streets from time to time when park proceedings are begun, and not to the law as it was in 1857.

*Appeals—Condemnation proceedings in park cases—Implied repeals— Acts of June 13, 1874, and May 26, 1891.*

The act of May 26, 1891, P. L. 116, which gave to any party aggrieved an appeal, in street cases, within thirty days after a decree of confirmation of the viewers' report in the quarter sessions, gave also the same right in all other cases where the proceedings were directed to be the same, including park cases under the act of May 13, 1857.

The act of June 13, 1874, P. L. 283, providing for an appeal within thirty days of the filing of the report, is not repealed by the act of May 26, 1891, P. L. 116, which provides for an appeal to be taken within thirty days from the decree of confirmation by the court of quarter sessions.

The two systems are not irreconcilable but may run together with entire harmony. The act of 1874 gives an appeal from the award itself, of which the party appealing may avail himself at once without waiting for the action of the court, and must avail himself if at all within thirty days " and not afterwards " under the act. The act of 1891 gives no appeal at all from the award, but allows " any party aggrieved by the said decree of confirmation " to appeal therefrom ; a different appeal, at a different stage of the case, and not necessarily to the same party. The legislature would seem to have regarded the remedy at the earlier stage as insufficient and accordingly provided an additional one at a later period. By MR. JUSTICE MITCHELL.

Argued March 26, 1894.   Appeals, Nos. 266–270, Jan. T., 1894, from order of  C. P. No. 1, Phila. Co., Sept. T., 1893, Nos. 1089, 1090, 1093, 1094 and 1095, quashing appeals from award of jury assessing damages.   Before GREEN, WILLIAMS, MCCOLLUM, MITCHELL and FELL, JJ.   Reversed.

Petition to quash appeal from award of jury assessing damages for land taken for Vernon Park.

From the record it appeared that upon the petition of the city of Philadelphia viewers were appointed by the court of quarter sessions, on July 13, 1892, to assess the damages sustained by the various property owners by reason of the taking of their property for Vernon Park.   The viewers so appointed, by their report, filed Aug. 24, 1893, awarded damages inter alia as follows : To estate of John Wister, Sr., $154,000 ; to estate of John Wister, Jr., $52,500 ; to estate of Peter Leetin $30,000 ; to estate of Edward Kolb $36,200 ; to Oliver Jester $28,000. Subsequently on November, 1893, a decree was entered by the court of quarter sessions confirming the report. Nov. 21, 1893, appeals were filed by the city of Philadelphia in the Court of Common Pleas No. 1 and in the court of quarter sessions from

the decree of the court of quarter sessions confirming the report and the awards in favor of the estate of John Wister, Sr., and John Wister, Jr., and the estate of Peter Leetin and Oliver Jester and Edward Kolb.

On petition of the property owners the several appeals were quashed by the court.

*Error assigned* was quashing appeals.

*Francis L. Wayland*, assistant city solicitor, *Charles F. Warwick*, city solicitor, with him, for appellants.—The appeals taken in these cases by the city were in time: Acts of May 13, 1857, P. L. 489 ; June 13, 1836, P. L. 555 ; April 12, 1851, P. L. 418 ; April 13, 1854, P. L. 360 ; April 21, 1855, P. L. 266 ; March 16, 1866, P. L. 224 ; June 6, 1873, P. L. of 1874, 407 ; June 13, 1874, P. L. 283.

The act of May 13, 1857, has never been repealed, and the jurisdiction of the court of quarter sessions over cases of opening of parks and squares, vested by that act, has never been divested. The jurisdiction of the court of quarter sessions over cases of street openings has never been divested.

The obvious intention of the legislature was to secure uniformity of practice in the assessment of damages for the taking of land for parks and for the taking of land for streets.

The act of May 26, 1891, P. L. 116, is the most recent legislation regulating proceedings in street openings ; and proceedings for park openings being the same as proceedings for street openings, the former are by it withdrawn from the operation of the act of 1874 : Kugler's Ap., 55 Pa. 123.

This case is to be distinguished from that of Gwinner v. R. R., 55 Pa. 126, where it was held that " acts which, although in pari materia, grant a right conditioned on different things, are inconsistent, and the inconsistency operates as a repeal."

In the case in hand, as in the case of Kugler's Appeal, it is manifest that the legislative intent was to have but one mode of procedure for the assessment of damages for the taking of land for park purposes and for the taking of land for the opening of streets. This being established, it follows that the act of May 26, 1891, should be read as though part of and supplementary to the act of May 13, 1857: Vattel's Rules, Potter's Dwarris, Stat., pp. 128, 145.

*John G. Johnson*, for appellees, estates of John Wister, Sr., and John Wister, Jr., deceased.—The real question involved in this case is whether an appeal to the common pleas being given by subsequent legislation in both street and park cases, within a specified time, if an extended time for filing appeals be given by still later legislation in street cases, the city is entitled to such extension in park cases.

So far as concerns street damages, an appeal may now be filed within thirty days of confirmation of the report. Qua such damages, therefore, the act of 1874 is repealed; but with what justice can it be claimed that there is any repeal of the provisions of the act of 1874 in the case of assessments in taking for park purposes? The last named act covered the right of appeal in several classes of cases. The act of 1891 deals with this right in certain limited and prescribed ones only. There is no repeal of the former act by express words. How can it be held that there is an implied repeal of all the provisions of the earlier act, because of subsequent legislation expressly confined to specific provisions?

Had the act of 1874 given an appeal only in case of street assessments, it could not be successfully argued that by implication an appeal was also given in all cases by the act of 1874, that a subsequent statute, dealing with an appeal in street assessments only, altered in any way the right of appeal in park cases: Hendrix's Account, 146 Pa. 289.

*Francis E. Brewster*, for appellee, trustee of estate of Peter Leetin, deceased, cited: Waller v. Harris, 20 Wend. 561; Potter's Dwarris, Stat., 221, 259, 674; Western Saving Fund v. City, 31 Pa. 181; Street v. Com., 6 W. & S. 212.

OPINION BY MR. JUSTICE MITCHELL, July 12, 1894:

The land over which this controversy arises was taken by the city of Philadelphia for a public park, under the authority of the act of May 13, 1857, P. L. 489, which enacts that the courts shall appoint a jury to assess damages in such cases, "and the proceedings thereupon shall be the same and with like effect as upon the assessment of damages for the opening of streets in said city." The fundamental question on which this case must turn is the construction of that statute; does it mean that pro-

ceedings in park cases shall until specifically and expressly altered be the same as in street cases under the law as it was in 1857, or as the law may be in regard to streets from time to time when park proceedings are begun?

There can be little doubt as to the answer to this question. The taking of land for a public park is in substance the same as the taking of land for a street. It is an exercise of the same power of eminent domain; at the discretion of the same municipal body; for the same public reasons, the general benefit of the citizens; for a closely analogous public use; and the effect upon the property rights of the private owner is precisely the same. There is no good reason why the proceedings in regard to his compensation should not be the same, and it was the manifest intent of the legislature to establish a uniform system for both. The vesting of a general right of eminent domain for park purposes in the city of Philadelphia, to be exercised at its own discretion was however an unusual feature in legislation. The act of March 29, 1849, P. L. 259, had authorized the commissioners of any incorporated district in the county of Philadelphia to purchase one or more squares of ground to be kept unbuilt upon and open for the public use forever, and the consolidation act of February 2, 1854, sect. 39, P. L. 42, had provided that it should be the duty of councils "to obtain by dedication or purchase" an adequate number of squares, and to lay out and maintain them as open public places for the health and enjoyment of the people forever. But the power to take by eminent domain was new, and park cases were likely to be rare in comparison with street or road cases in which the jurisdiction and proceedings were familiar. The legislature took the easiest and most natural way to prescribe the same method for both, by enacting that the former should be "the same and with like effect" as the latter. The proceedings in street cases were set up as the model or standard for two things desired and intended to be made alike, and necessarily when a change was thereafter made in the standard it involved a like change in everything that was directed to be conformed to it. If any further authority is needed for this construction of the statute, it will be found in the principles laid down in the analogous case of Kugler's Appeal, 55 Pa. 123.

When therefore the act of May 26, 1891, P. L. 116, gave to

any party aggrieved an appeal in street cases, within thirty days after a decree of confirmation of the viewers' report in the quarter sessions, it gave the same right in all other cases where the proceedings were directed to be the same, including park cases under the act of 1857.

At the time of the passage of that act there was no appeal to a common law jury in road cases, and the constitution of 1873, in sect. 8 of article 16, having declared that there should be, the legislature by the act of June 13, 1874, P. L. 283, expressly provided an appeal for *all cases* of property taken, in which the assessment of damages should be by viewers or otherwise than upon a trial in court. The appeal under this act must be taken within thirty days of the filing of the report, and it is argued that this is the only act giving an appeal in park cases, and therefore the appeal here was too late. The act of 1891, supra, mentions only "damages for the opening, widening or change of grade of any street, road or highway," and the argument is that it does not apply to park cases, or repeal the act of 1874 in relation thereto; that the act of 1874 covered the general right of appeal in several classes of cases, while the act of 1891 relates to the right in certain limited and prescribed cases only, and does not extend to park cases which are left under the act of 1874. This argument however runs directly contrary to the whole construction of the act of 1857. That act declared that the proceedings under it should be "the same and with like effect" as in street cases, and the necessary construction was, as already shown, to make the latter the exemplar to which the others should conform from time to time as changes might be made. If there were no act of 1874, no question could be made; indeed it is conceded by appellees, that the appeal under the act of 1891 would extend to proceedings under the act of 1857. Why then does the act of 1874 prevent that result? There is no conflict between the acts of 1874 and 1891, nor does the latter involve the repeal of the former. Both are affirmative acts, and in furtherance and extension of the remedy. Under the act of 1874 the appeal is given from "the ascertainment of the damages or the filing a report thereof in court," and must be taken within thirty days "and not afterwards." Under the act of 1891 the appeal is not from the ascertainment of the damages or filing a report thereof at all, but from the decree of

confirmation by the court of quarter sessions. The two systems are not irreconcilable but may run together with entire harmony. The act of 1874 gives an appeal from the award itself, of which the party appealing may avail himself at once without waiting for the action of the court, and must avail himself if at all within thirty days "and not afterwards" under that act. The act of 1891 gives no appeal at all from the award, but allows "any party aggrieved by the said decree of confirmation to appeal therefrom"; a different appeal, at a different stage of the case, and not necessarily to the same party. The legislature would seem to have regarded the remedy at the earlier stage as insufficient and accordingly provided an additional one at a later period. Both are in furtherance of the same right to a jury trial which the constitution secures, and both are open to the parties that they may make their choice.

Judgment reversed, appeal reinstated, and procedendo awarded.