## William Bowers *v.* Braddock Borough, Appellant.

[Marked to be reported.]

*Road law—Streets—Borough—Change of grade—Acts of March* 24, 1878, *and May* 16, 1891.

The act of March 24, 1878, P. L. 129, in so far as it relates to the assessment of damages for change of grade in a borough, is not repealed by the act of May 16, 1891, P. L. 75.

Where a petition for the appointment of viewers to assess damages for injuries caused by change of grade of a street in a borough avers that the borough authorities failed to agree with the petitioner as to damages, the court will not set aside the viewers' report on an affidavit by the burgess that he had forgotten to give the notice of the meeting of viewers to the clerk of council, or to the borough solicitor, and that the borough was not represented before the viewers. In such a case the Supreme Court cannot consider the affidavit of the burgess, and if it could, the ground alleged for setting aside the report is not sufficient.

*Road law—Change of grade—Appeals—Act of June* 13, 1874.

Under the act of June 13, 1874, P. L. 283, which gives an appeal to the common pleas in all cases of the assessment of damages for property taken, injured or destroyed, and directs that such appeal should be taken " within thirty days from the ascertainment of the damages, or the filing a report thereof in court," the time within which the appeal must be filed is thirty days from the filing of the report.

The filing of exceptions to the report of viewers has nothing to do with the right of appeal. That right can only be exercised according to the terms in which it is given. The hearing of the exceptions can go on and be completed before the case is actually tried and if the exceptions are decided favorably to the appellant so as to defeat the proceeding, no trial will be necessary. If otherwise the trial can then proceed. There was therefore no inconsistency in filing exceptions to the report of the viewers and at the same time entering an appeal to the common pleas under the act of June 13, 1874, P. L, 283.

Argued Oct. 29, 1895. Appeal, No. 64, Oct. T., 1895, by defendant, from order of C. P. No. 3, Allegheny Co., Aug. T., 1894, No. 483, dismissing exceptions to report of viewers, and in refusing to allow defendant an appeal. Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to report of viewers.

On July 10, 1894, William Bowers presented a petition in which he averred as follows :

That your petitioner became and still is the owner, in fee simple, of a certain lot in the borough of Braddock in said county, being lots Nos. 132 and 133 in the Masonic Bank plan.

That subsequent to the time that your petitioner became the owner of the said premises, to wit: about the month of June, A. D. 1890, the proper authorities of the borough of Braddock changed the grade of said Sixth street in front of the above described premises and thereby caused damage to your petitioner as the owner of the said property abutting thereon, without the consent of your petitioner, and they have failed to agree with your petitioner for the proper compensation for the damage so done and likely to be done and sustained by reason thereof. Wherefore your petitioner prays the court to appoint viewers to view the said street and premises, and make report to the next term of court according to law.

Viewers were appointed who awarded to William Bowers the sum of $490.

Exceptions to the report of viewers were filed, among others as follows :

2. The petition is premature, because the plaintiff did not fail to agree with defendant, nor did defendant fail to agree with plaintiff for the proper compensation for the damage alleged to have been done by said alleged change of grade to plaintiff's property. No claim for damage was ever made by plaintiff upon defendant, and plaintiff made no attempt to agree with defendant therefor.

3. The viewers did not give the required legal notice of the time of their meeting upon the premises, or of any meeting held by them. Notice of said meetings was not given by publication in any newspaper published in defendant borough, as required by law, although there are two daily and one weekly newspaper published therein.

The act of assembly of May 24, 1878, P. L. 129, under which this proceeding is brought, is superseded and repealed by the act of assembly of May 16, 1891, P. L. 75, in so far as the provisions of said act of 1878 are inconsistent with or repugnant to the provisions of said act of 1891, and therefore the report of viewers in this case must be set aside and this proceeding quashed.

H. C. Shallenberger, the burgess, filed a petition in which he averred as follows :

That on or about the 13th day of August, 1894, your petitioner was served with a notice that the viewers in this case, and also in the cases of P. G. D. Strang, William Dougherty, Patrick Early, George W. Berry, Frank Felder, Charles Koehl, Ann Hopkins, Enoch Squires and Thomas Lamm, at Nos. 484, 485, 487, 488, 489, 490, 491 and 512, respectively, of August term, 1894, would meet on the premises on Tuesday, July 31, 1894, said notice is hereto attached and made part of this petition. That your petitioner was then on the eve of taking his summer vacation and exceedingly busy, and presumed and believed that a similar notice had been or would be served upon the clerk of council or upon the solicitor of said borough of Braddock, and petitioner did not hand said notice to the solicitor or to the clerk of council, or in any manner notify the solicitor or clerk of council of said notice, and that subsequently he forgot and overlooked the fact that said notice had been served. As a result of petitioner's neglect the borough of Braddock was in no manner heard before the viewers in all of said cases, and petitioner is advised, informed and believes that injustice was done the borough of Braddock by reason of its not being represented before said viewers. Petitioner therefore prays the court to set aside the reports of the viewers filed in the above mentioned ten cases, and to refer the said cases back to the same or to other viewers in order that said borough may be properly represented before the viewers. And he will ever pray, etc.

The viewers' report was filed August 18, 1894; the court did not dispose of the exceptions until December 5, 1894, and on December 22, 1894, when appellant presented its appeal and affidavit of its burgess, the court refused to allow appellant to appeal, making the following order:

"And now, to wit, December 22, 1894, the within appeal and affidavit presented in open court, and is not allowed, the appeal not having been taken in time."

*Errors assigned* were in overruling exceptions and refusing appeal.

*E. J. Smail,* for appellant.—The act of May 16, 1891, P. L. 75, supersedes and repeals the act of March 24, 1878, P. L. 129, in

so far as it relates to the assessment of damages for change of grade in boroughs: Savidge on Borough Law, 170; Frederick St., 150 Pa. 202; Hand v. Fellows, 148 Pa. 461; McCall v. Coates, 148 Pa. 462; Traver's App., 152 Pa. 129; Whitaker v. Homestead Borough, 13 Pa. C. C. 647.

The petition of the burgess and clerk of council of appellant borough, presented to court, show conclusively that the borough was not heard, and state the reason why the borough was not there to present its case.

The appeal was in time: Trickett on Pennsylvania Borough Law, 350; Rodgers v. Freemansburg Borough, 2 Pa. C. C. 523; Sewickley Church App., 165 Pa. 475; Mansfield Borough's App., 158 Pa. 314.

*William Yost,* for appellee.—The act of 1878 is not repealed: Frederick St., 150 Pa. 202; Hand v. Fellows, 148 Pa. 456; Power v. Ridgeway Borough, 149 Pa. 317; Sewickley v. Jennings, 1 Dist. Rep. 624; Reynolds Street, 49 Leg. Int. 462.

The two affidavits of the burgess and clerk presented to the court below are not a part of the record, and, if they were, only furnish conclusive grounds for confirming the reports: Rodgers v. Freemansburg Borough, 2 Pa. C. C. 521; Omega St., 152 Pa. 129.

As to the time for filing appeals, the practice under the act of 1878 has been minutely examined and fully established in the very remarkable case of Borough of Millvale v. Poxon, 123 Pa. 497.

OPINION BY MR. JUSTICE GREEN, January 6, 1896:

The first and principal question urged in the argument of the appellant is, "does the act of May 16, 1891, P. L. 75, supersede and repeal the act of March 24, 1878, P. L. 129, in so far as it relates to the assessment of damages for change of grade in boroughs?" We have just filed an opinion in the case of Seaman v. The Borough of Washington, ante, 467, in which we decide this question in the negative, and hold that the act of 1878 is not repealed by the act of 1891. For the reasons there stated we make the same ruling in the present case.

As to the second question presented, we can see no reason why the court below committed error in refusing to set aside

the viewers' report and send back the case to the same or new viewers.  Even if we regard the affidavits of the officials on which the application was based, which we cannot do, they simply make out a case of negligence on their own part in not regarding a proper service of notice of the proceedings to assess the damages.

As to the third question, Was the appeal of the borough taken in time, it is perfectly clear that it was not.  The general act of June 13, 1874, P. L. 283, which gives an appeal to the common pleas in all cases of the assessment of damages for property taken, injured or destroyed, directs that such appeal shall be taken, " within thirty days from the ascertainment of the damages, or the filing a report thereof in court, pursuant to any general or special act, and not afterwards."   Whatever may be the precise meaning of the words " ascertainment of damages," it certainly does not mean an ascertainment *after* the report of the viewers has been filed in court, because the filing of the report is a definite act which cannot occur until after the viewers have acted in the ascertainment of the damages.   Therefore it is safe to say that the time within which the appeal must be filed is thirty days from the filing of the report.   This very point was decided in the case of Gwinner v. Railroad, 55 Pa. 126.   The filing of exceptions to the report of viewers has nothing to do with the right of appeal.   That right can only be exercised according to the terms in which it is given.   The hearing of the exceptions can go on and be completed before the case is actually tried, and if the exceptions are decided favorably to the appellant so as to defeat the proceeding, no trial will be necessary.   If otherwise the trial can then proceed.   The assignments of error are all dismissed.

Judgment affirmed.