# In re Narrowing of Cresson Street.    Appeal of John Kane.

*Road law—Practice, Q. S.—Contemporary exceptions and appeal.*
Exceptions to a report of viewers may be considered pending an appeal
to the common pleas.    Bowers v. Braddock Borough, 172 Pa. 596.

*Vacation of street—Damages—Change of plan.*
No action lies for a mere change of plans of the city of Philadelphia,
and damages cannot be awarded against the city where there was no phy-
sical narrowing or vacation of any part of the street in controversy.

*Road law—Act of 1858—Apportionment of benefits and damages.*
By the Act of April 21, 1858, P. L. 385, sec. 6, a report of a jury of view
is erroneous and must be set aside where no damages are assessed and
apportioned against and among such owners of land as shall be benefited
by such opening, widening or vacating of any such road or street.

Argued Dec. 12, 1898.    Appeal, No. 78, Oct. T., 1897, by
John Kane, from decree of Q. S. Phila. Co., Dec. T., 1896, set-
ting aside report of viewers.    Before RICE, P. J., ORLADY,
SMITH, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.
Opinion by W. W. PORTER, J.

Exceptions to report of road jury in the matter of narrowing
Cresson street between Shur's lane and Cedar street.    Before
McMICHAEL, J.

The jury reported awarding damages to property owners and
found that no properties are benefited by the narrowing of the
said Cresson street, and that all damages should be paid by the
city of Philadelphia.    Exceptions to the report of viewers were
filed among others as follows:

22. Because the jury find that no properties are benefited by
the narrowing of the said Cresson street between Shur's lane
and Cedar street.

23. Because there is no liability on the part of the city of
Philadelphia.

24. Because the jury find that all the damages should be paid
by the city of Philadelphia.

The court below filed the following opinion:
In this matter the city of Philadelphia has filed exceptions

to the report of the jury which assessed damages against the city for the narrowing of Cresson street between the points named.   In addition to the exceptions, the city has filed appeals to the court of common pleas.   In passing upon the exceptions the first question is, " Can exceptions to the report of viewers be considered when appeals have been taken to the court of common pleas ? "   This question was definitely answered, we think, in favor of the exceptants in the case of Bowers v. Braddock Borough, 172 Pa. 596.   Mr. Justice Green delivered the opinion of the Supreme Court in that case, and upon page 600, at the end of his opinion, he says : " The hearing of the exceptions can go on and be completed before the case is actually tried, and if the exceptions are decided in favor of the appellant so as to defeat the proceeding, no trial will be necessary. If otherwise, the trial can then proceed."   Upon the authority of that decision we think it our duty to pass upon the exceptions filed.

These exceptions are twenty-four in number, the first and second being general.   The first, " because the report of the jury is contrary to law ; " and, second, " because the report of the jury is contrary to the evidence."   The following exceptions, down to number twenty-two, involve questions of law and fact which it will not be necessary for this court to pass upon, because the twenty-second, twenty-third and twenty-fourth exceptions must be sustained.   These exceptions are as follows :

" 22. Because the jury find that no properties are benefited by the narrowing of Cresson street between Shur's lane and Cedar street.

" 23. Because there is no liability on the part of the city of Philadelphia.

" 24. Because the jury find that all the damages should be paid by the city of Philadelphia."

The proceedings, which are entitled " In re narrowing of Cresson street from Shur's lane to Cedar street," should be more properly entitled " In re vacation of a portion of Cresson street from Shur's lane to Cedar street."

By the Act of April 21, 1858, P. L. 385, sec. 6, it is provided : " That it shall be the duty of juries selected to assess damages for the opening, widening, or vacating roads or streets within the said city, to ascertain and report to the court, first,

what damages the parties claiming the same are entitled to; and, second, to assess and apportion the same among and against such owners of land as shall be benefited by such opening, widening, or vacating any such road or street; and when such report shall be affirmed by the court, upon notice to all such parties and the damages paid or secured by the parties among and against whom it shall be so assessed and apportioned, the chief commissioner of highways shall proceed to open, widen, or vacate such road or street accordingly: Provided, however, that it shall be lawful for councils, when in their judgment the public interests shall require it, to provide for the payment of such damages out of the city treasury: And further provided, that two thirds of the members of each branch of councils present at the passage of such ordinance consent thereto, and the yeas and nays on the passage thereof shall be entered on the journals."

This act requires that the damages are to be assessed and apportioned against and among such owners of land as shall be benefited by such opening, widening or vacating any such road or street. This has not been done in the present proceeding. On the contrary, the jury has found that no properties are benefited by the narrowing of said Cresson street between Shur's lane and Cedar street, and that all the damages should be paid by the city of Philadelphia. This, in our opinion, was erroneous and contrary to the statute, and therefore the proceedings of the jury must be set aside. This act has twice been held by the Supreme Court to be constitutional: In re Howard Street, 142 Pa. 601; In re Centre Street, 115 Pa. 247, in which the subject of the assessment of damages and benefits in one proceeding was carefully and elaborately considered by the Supreme Court. In McGee's Appeal, 114 Pa. 470, it was decided that in the lawful vacation of a street, the owners of the abutting properties will not, in the absence of any special legislative provision for damages in such case, be subject to the constitutional condition that compensation shall be first made for property taken, injured or destroyed. No other statute than the act of April 21, 1858, which was a supplement to the act incorporating the city of Philadelphia, has been brought to our attention, and as the plain requirements of this statute have not been complied with, the exceptions are sustained.

It further appears by the exceptions filed on behalf of the city, that Cresson street, although it appeared upon the city plan as of a width of seventy-eight feet, was never opened, either by ordinance of councils or by proceedings in the court of quarter sessions, as of that width, but that forty-eight feet of the width was occupied by the Philadelphia, Germantown and Norristown Railroad Company for its roadbed and embankment, and the remaining thirty feet had been used for a number of years as a highway, and the jury so found. The so-called narrowing of Cresson street was not a physical narrowing or vacation of any part of Cresson street, but a mere change of the plan of the city of Philadelphia, for which no action lies.

It may further be remarked that the reduction from the original width of seventy-eight feet to thirty-six feet, and from thirty-six to thirty feet, which changes appear on the plan of the city, was all made on the side of the Philadelphia, Germantown and Norristown Railroad Company. After the revision of June 13, 1895, the cartway of Cresson street was paved for the first time, with the result that the width of Cresson street was physically widened in some places and remained of the same width in others, but at no point was it narrower.

For these reasons the report of the viewers must be set aside.

John Kane, a property owner, appealed.

*Errors assigned* were (1) in sustaining the exceptions numbered twenty-two, twenty-three and twenty-four of the city of Philadelphia to the report of the jury, and setting aside said report. (2) In sustaining exceptions to the report of the jury, the city of Philadelphia having at the same time appeals from the awards pending in the court of common pleas.

*Thomas R. Elcock*, with him *Morton Z. Paul*, for appellant.— The city has, besides filing exceptions to the report, taken appeals from the award to each of the claimants, which could never have been the intention of the legislature when it allowed an appeal from the awards. It is a hardship and a consequent injustice. A man's property is injured; he gets an award of damages. He is compelled to contest exceptions to the report of the jury, and after they are decided he has to go before a jury to again assert and try his rights. The city has thus three

chances to contest: First, before the road jury; second, by exceptions; third, trial on the appeal of the city. Why should the municipal authority have the power to thus impoverish by litigation the citizens injured by its wrongful acts? Fair and honest protection is proper, but annoying multiplicity of methods to contest awards is not founded on justice or reason.

The practice through all the courts of common pleas before and since the Act of May 16, 1891, P. L. 75, has been to file exceptions or take an appeal, and not to do both: Bechtel v. Bechtelsville, 3 Dist. Rep. 713; Carpenter Street, Phila., 17 W. N. C. 158; Chestnut Street, 128 Pa. 215.

It is true that in Bowers v. Braddock, 172 Pa. 596, the court in a few lines at the end of an opinion stated that both exceptions could be filed and an appeal taken at the same time, but it was not a vital point in the case, nor possibly intended to be decided, as no allusion is made to either the practice of the county courts or to the decision in Chestnut Street, 128 Pa. 214.

It is therefore submitted that the decree of the court dismissing the petition upon the narrow points embraced in the three exceptions sustained by the court below is error.

*J. Lee Patton* and *James Alcorn*, assistant city solicitors, and *John L. Kinsey*, city solicitor, for appellee.—This proceeding was an attempt to hold the city of Philadelphia liable in damages for reducing the width of Cresson street between Cedar street and Shur's lane, on the plan of the city of Philadelphia without any physical reduction in the width of the street.

The jury having found that the railroad was the owner and occupied as their right of way all but thirty feet of the bed of Cresson street as originally plotted, it was impossible for Cresson street to have been physically opened on those lines at a greater width than thirty feet. It is well settled that a town or municipal corporation may lay out roads and streets across a railroad, but without express authority they cannot take the location of the railroad for their streets or highways. There was no express authority here to take the location of the railroad for a street: Great Bend Road, 2 Pa. C. C. R. 335; In re City of Buffalo, 68 N. Y. 167; Bridgeport v. New York and N. H. R. R., 36 Conn. 255; Atlanta v. Central Railroad Company, 53 Ga. 120; 2 Wood on Railroads (Minor's ed.), 876.

That the practice has been to take both exceptions and appeals will be seen by reference to the case of In re Howard Street, 142 Pa. 601, where the record shows that on July 27, 1889, there was an appeal from the report of the viewers, and on July 29, 1889, the said parties filed exceptions to the report of the viewers and the case was decided in the Supreme Court on the exceptions filed on July 29. The decree of the court of quarter sessions sustaining the exceptions of the city of Philadelphia should therefore be affirmed.

OPINION BY WILLIAM W. PORTER, May 18, 1899:

That which is now called Cresson street between Shur's lane and Cedar street was put on the plan of the city of Philadelphia by the approval of the board of surveyors and confirmation of the court of quarter sessions, in 1859. The street was marked seventy-eight feet wide and called "railroad," on the plan. Prior to that time the Philadelphia, Germantown & Norristown Railroad had occupied about forty-eight feet of the bed of the street plotted as above stated. On April 19, 1879, the width of the street was reduced on the plan of the city to thirty-six feet and on June 3, 1895, to thirty feet. The report of the viewers finds, inter alia, that "the said Cresson street between Shur's lane and Cedar street was opened by user and not by ordinance of councils or by the court of quarter sessions and was never so used of a greater width than thirty feet southwestward from the building line on the northeast side of Cresson street between Cedar street and Shur's lane. The property on the southwest side of Cresson street between Cedar street and Shur's lane for a width of forty-eight feet is and has been occupied for many years" by the railroad; that the building line on the northeast side of Cresson street was established by the plan of 1859; that no alteration was made in that line by either the revision of April 19, 1879, or June 3, 1895, but that the reductions in width were both made on the railroad side.

The appellant being an owner of property on the northeast side of Cresson street claims that he has been damaged by the reduction in the plotted width of the street, and the jury of view have given him damages. The court below has set the verdict aside and has sustained certain specified exceptions. In this there was no error. By the findings of the jury of view it ap-

pears that there never has been a physical narrowing of Cresson street. The opening by user was only to a width of thirty feet. The last reduction of plotted width leaves the opening by user undiminished. That which the city did was to revise the street line on the public plans. For this no action lies. The placing of a street upon the city plan is so far an interference with the rights of property that any buildings thereafter erected within the lines of the proposed street must be removed by the owner and without the payment of damages when the street is opened, but no right of action accrues to the owner of the property until the actual opening of the street: Plan 166, 143 Pa. 414. In the present case the appellant claims to have improved his property on the faith of the opened street. If it was upon the faith of the visible physical opening, this was only to the extent of thirty feet in width, as the report of the jury finds. If it was upon the faith of the plotted street, the public records which furnished the information respecting the width of seventy-eight feet, furnished also knowledge of the fact that forty-eight feet of the width was land of the railroad company or covered by its right of way. This was notice to the appellant that forty-eight feet of the original plotted width of the street was already subjected to a public servitude which would or might conflict with any attempted physical opening beyond the thirty feet. Furthermore the public records, if examined by the claimant before he bought or commenced to improve, would have apprised him of the fact that the street had never been opened by legal procedure. He who improves his property with reference to a street plotted but unopened, does so at the risk of a change being made of the location or width of the street as plotted or of even a removal of it from the plan. The plotting of the street is notice of a present intention; not a guaranty of future performance. Such plotting does not acquire for the public any right of use for travel: Commonwealth v. The Railroad, 135 Pa. 256, 271.

The city of Philadelphia has taken an appeal to the court of common pleas from the award of the jury of view. It is argued that thereby the city lost her right to file exceptions. The matter is ruled by Bowers v. Braddock, 172 Pa. 596. "The filing of exceptions to the report of viewers has nothing to do with the right of appeal. . . . The hearing of the exceptions can go on and be completed before the case is actually tried and if the

exceptions are decided favorably to the appellant so as to defeat the proceeding, no trial will be necessary. If otherwise the trial can then proceed."

The judgment of the court below is affirmed.