## Wright, Appellant, v. County of Lancaster.

Argued November 13, 1930.

Before TREXLER.

P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALD-RIGE and WHITMORE.

*J. Andrew Frantz*, for appellant.—The appeal was not prematurely taken: Vernon Park, 163 Pa. 70; Mansfield Borough's Appeal, 158 Pa. 314; Clarion County's Appeal, 11 D. & C. 57; Montgomery v. Heilman, 96 Pa. 44.

*Oliver S. Schaeffer*, for appellee.—An appeal from an award of viewers of a township road should be stricken off as premature when taken within thirty days after confirmation nisi of the report: Ammon v. County of Lancaster, 24 Lan. Law R. 318; Kohler v. Butler Co., 31 Pa. Superior Ct. 305.

OPINION BY CUNNINGHAM, J., February 27, 1931:

The question here involved is whether an appeal from the quarter sessions to the common pleas for a trial by jury therein, taken by a property owner claiming to have been aggrieved by an award of damages made by viewers appointed to lay out a township road, is so premature as to require striking off, if filed in the common pleas after confirmation nisi by the quarter sessions of the viewers' report, but prior to final confirmation. No decision of an appellate court upon the exact state of facts here present has been cited and there seems to be some contrariety

in the conclusions reached by the various courts of common pleas in which the question has been raised.

We gather from the record that the procedure below was as follows: Divers inhabitants of the Township of Lancaster, Lancaster County, petitioned the quarter sessions of that county for the appointment of viewers to lay out a public road therein and assess damages, if any, in favor of the owners of lands over which the road may pass. Viewers were appointed; their report was presented on April 15, 1929, and endorsed, "Filed, read and confirmed nisi." In it they awarded "to L. V. Wright [appellant herein] the owner of the only land affected by the opening of said street the sum of $300." On April 23rd Wright appealed to the common pleas from this award; the same day, upon motion of his counsel in which the county solicitor joined, an issue was framed to try what amount of damages had been sustained by him, in which it was directed that he should be plaintiff and the county defendant. No exceptions were filed to the viewers' report and on September 21st (more than five months after the filing thereof) it was "confirmed absolutely" by the quarter sessions. The issue was on the common pleas trial list for November 25th but was continued. On November 27th, more than thirty days after confirmation absolute, the county commissioners petitioned for and obtained in the common pleas a rule to strike off the appeal upon the ground that it "was not taken within thirty days after the final or absolute confirmation of said report of viewers" but, as recited in the petition, had been taken within thirty days after confirmation nisi and months prior to final confirmation.

The court below filed an opinion in which it referred to one of its quarter sessions' rules providing, in effect, that exceptions to reports of viewers "shall be filed on or before the first Saturday of the term

next after that to which the report shall be returnable;" reviewed the Acts of April 15, 1891, P. L. 17, and May 26, 1891, P. L. 116 (hereinafter considered); and, after citing a number of authorities, concluded that the appeal was taken prematurely and therefore should be stricken off. From the order so directing Wright took this appeal. It may be observed in passing that the rule of court quoted in the opinion seems to be out of harmony with the provisions of the Act of March 27, 1903, P. L. 83, providing that reports of viewers shall be confirmed at the expiration of thirty days from the filing thereof, unless exceptions have been filed.

As the county, after joining in the motion for the awarding of an issue, did not raise any question relative to the invalidity of the appeal until more than two months after the report had been confirmed absolutely it should be able to point to a clear justification of its present position, but we are not convinced that it has succeeded in its effort. It will assist in clarifying the issue to bear in mind that we are here dealing with the method of recovering damages for the laying out of a township road and not with the ascertainment of damages under the Act of June 13, 1874, P. L. 283, providing for the regulation of appeals from assessments of damages to owners of property taken for public use, or with appeals from awards incident to the taking of private property for public use by corporations upon which the right of eminent domain has been conferred. The Act of 1874 is not applicable here: Lamoreux v. Luzerne County, 116 Pa. 195. Moreover, the present question does not relate to exceptions attacking the regularity of the proceedings, but to an appeal taken for the purpose of having the extent of the damages determined by a jury according to the course of the common law. Another distinction is that in township road cases

the appeal is from a "decree of the quarter sessions" and not "from the ascertainment of the damages or the filing a report thereof in court" as provided for in the Act of 1874. Upon the general question of the distinction in procedure as between appeals from, and exceptions to, reports of viewers, the language of Mr. Justice GREEN in Bowers v. Braddock Borough, 172 Pa. 596, 600, is applicable, although that was a case under the Act of 1874: "The filing of exceptions to the report of viewers has nothing to do with the right of appeal. That right can only be exercised according to the terms in which it is given. The hearing of the exceptions can go on and be completed before the case is actually tried and if the exceptions are decided favorably to the appellant so as to defeat the proceeding no trial will be necessary. If otherwise the trial can then proceed."

The "terms in which" the appeal in this case "is given" are found in two acts adopted in 1891: the first, approved April 15th, P. L. 17, provides, inter alia, that in all cases where a jury of view appointed by any court of quarter sessions shall assess damages for the laying out of any public road the county commissioners of the county required to pay the damages "or any owner or tenant of property through which said......road......shall be laid out" shall have the right to appeal to the common pleas "from the decree of the court of quarter sessions confirming the award of such jury for the determination of the question of damages by a jury according to the course of the common law; provided the appeal be taken within thirty days after the final confirmation of the report of said jury;" the second, approved May 26th, P. L. 116, provides for appeals to the common pleas "by any party aggrieved" by the decree of confirmation "within thirty days from the entry of said decree of confirmation by the court of quarter ·sessions and not after-

wards." The proviso of the first act refers expressly to "the final confirmation of the report" and we think the "decree of confirmation" mentioned in the second is, by implication, the final decree. One thing perfectly clear under these statutes is that no appeal may be taken when more than thirty days have elapsed after final confirmation, but there is nothing therein prohibiting the taking of the appeal at any time after the decree nisi and prior to the expiration of thirty days after final confirmation. The Act of 1874 expressly provides that the appeal under it may be taken "within thirty days from the ascertainment of the damages or the filing a report thereof in court." While there is no conflict between the Act of 1874 and those of 1891 (Vernon Park, Philadelphia's Appeal, 163 Pa. 70, 75), under the latter the appeal is from a decree of the quarter sessions confirming the award and not from the award itself. But the endorsement, "Filed, read and confirmed nisi," placed upon the report April 15th was just as truly a decree as the endorsement "confirmed absolutely," written upon it on September 21st. Where a statute authorizing the appropriation of land by street railway companies gave the right of appeal "from the report of said viewers......within thirty days after confirmation of the report" it was held that the thirty-day period began with the entry of confirmation nisi: Altoona and Logan Valley Electric Railway Company v. Miller, 49 Pa. Superior Ct. 102.

The effect of the word "nisi" in a decree of confirmation was considered by RICE, P. J., in that case. It was an attempted appeal from a proceeding under the Act of June 1, 1907, P. L. 368, supplementing the Act of May 14, 1889, P. L. 211, relating to street railways. The company had appropriated land of the appellant in that case. Viewers awarded damages and filed their report on July 6, 1910, upon which date the

court endorsed on it, "Within report read and confirmed nisi." On August 6th, the prothonotary made this endorsement, "No exceptions having been filed, confirmed absolutely." Nine days later the property owner appealed, but the appeal was stricken off upon the ground that it should have been taken within thirty days after the first confirmation; this court affirmed. There the statute gave the right to appeal "within thirty days after confirmation of the report." It was pointed out that the statute contained no provision with respect to confirmation nisi, and that is equally true of the legislation here involved. In discussing the true intent and meaning of the confirmation nisi, Judge Rice said: "In the first place, the court acted judicially, and not merely ministerially, in making it. This is not only to be presumed, but is affirmatively shown by the order itself. The confirmation was entered after the court had examined the report. If the word 'nisi' had not been added, there would be no room for doubt that the period of thirty days within which the right of appeal must be exercised began to run at the date of the order. But the confirmation thus made would have been subject to the right of appeal given by the subsequent portion of the section. If, instead of using the word 'nisi,' the court had said that the confirmation was subject to this right, this might have been surplusage, but it certainly would not have changed the effect of the order so as to postpone the running of the period within which the right was to be exercised. We are not convinced that any broader meaning is to be given to the word 'nisi,' unless, perhaps, it was also intended to afford opportunity to file exceptions." Later in the opinion this language was used: "So it may be said here that when the court after reading the report made its first order it thereby indicated its approval, but, at the same time, its intention to preserve the parties right of appeal."

A majority of the members of this court find no difficulty in holding that in township road cases the confirmation nisi is a decree which furnishes sufficient ground for an appeal to the common pleas by any person aggrieved thereby, and that it may be taken at any time after the confirmation nisi but must, in any event, be taken not later than thirty days after the decree of final confirmation. Support for this conclusion is found in the Act of March 27, 1903, P. L. 83, already referred to as requiring confirmation of the report at the expiration of thirty days from its filing, in the absence of exceptions. It further provides that upon such confirmation the parties to whom an award has been made, "and from whose award no appeal has been taken," shall be entitled to collect their awards in the manner specified. This act applies, among other things, to an award of damages for the opening of any road. Another act, that of May 10, 1921, P. L. 428, applying to any public improvement, provides for final confirmation at the expiration of thirty days from the filing of the report "unless in the meantime exceptions to such report, or any portions thereof, have been filed by any party interested, or unless an appeal from such report, or any portions thereof, is taken and demand for a jury trial is made before the expiration of said period of thirty days;" when exceptions or appeals relate only to portions of the report, the portions not affected thereby are to be confirmed absolutely at the expiration of the thirty-day period. Both acts clearly contemplate the taking of appeals before the time for final confirmation has arrived. There is nothing contrary to this view in Mansfield Borough's Appeal, 158 Pa. 314. That was a road case and the question was whether an appeal taken within thirty days after final confirmation was in time. It was held that it was,

but the writer of the opinion in the court below, upon which the case was affirmed, also said, "I am not clear but that the order of December 9, 1891, [confirmation nisi] might have been considered as a decree of confirmation so far as appeals are concerned."

We accordingly hold that the appeal in this case was not premature and that the court below erred in striking it from the records of the common pleas.

The order is reversed, the appeal reinstated and the record remitted with a procedendo.