## In re Mentzer

*Garber & Blumenthal*, for Commonwealth.
*E. M. Biddle, Jr.*, for respondent.

REESE, P. J., January 27, 1941.—In the construction of the Pennsylvania Turnpike a part of the lands of Anson G. Mentzer was taken and condemned by the Turnpike Commission. Ultimately this court appointed viewers to view the property and estimate the value thereof. The report of the viewers was presented in court on August 27, 1940, and on that date the court made the following order:

"And now, August 27, 1940, within report of viewers presented in open court and ordered to be filed; said report will be confirmed in 30 days unless exceptions are filed to same."

No exceptions were ever filed to the report, and on September 25, 1940, the Turnpike Commission filed its appeal with a demand for a jury trial.

Section 6 of the Act of May 21, 1937, P. L. 774, creating the Turnpike Commission, and providing for the construction of the turnpike, provides for the appointment of viewers to estimate the value of lands taken, and after providing that their report shall be filed in court states:

"Within thirty days after the filing of the report in the court, the commission, acting through the Department of Justice, or any person interested may file exceptions thereto. Whereupon the court may confirm the report absolutely, or modify it, or refer it back to the same or to any viewers with like powers and duties of the former viewers. Within thirty days after final action on the report by the court, the commission, acting through the Department of Justice, or any person interested may demand a trial by jury."

The landowner in the present case points out that under the foregoing act when the report of the viewers is filed there follows a 30-day period within which exceptions may be filed. If none are filed, final confirmation of the report follows. If exceptions are filed and ultimately dismissed, the report may then be finally confirmed. He contends that an appeal, or, as the foregoing act calls it, a demand for trial by jury must be made during the 30-day period which follows final confirmation of the report, and that in the instant case, no exceptions having been filed, action of the court on the report was final on September 27, 1940, and that the time for demanding a jury trial began to run on September 28, 1940; and, therefore, that the demand for jury trial in the present case was premature and should be stricken off.

There are no decisions by either the lower or appellate courts interpreting the foregoing provisions of section 6 of the Act of 1937. We must be guided by the construction of similar language used in other legislation providing for an appeal in proceedings to assess damages by

viewers. There are two acts providing for the assessment of damages by viewers in road cases: The Act of April 15, 1891, P. L. 17, 36 PS §2151, and the Act of May 26, 1891, P. L. 116, 53 PS §565. Both these acts provide for an appeal from the assessment of damages by viewers and the determination of the amount of damages by a jury.

The first act provides that "The appeal be taken within thirty days after the final confirmation of the report" of the viewers. The second act provides that the appeal be taken "within thirty days from the entry of said decree of confirmation [of the report] . . . and not afterwards."

In construing the Acts of 1891 the lower courts reached contrary conclusions. In some cases it was held that an appeal could be taken only during the 30-day period following final confirmation, and that an appeal taken before final confirmation was premature and must be stricken off: Heist v. Montgomery County, 1 Dist. R. 546; Ammon v. County of Lancaster, 24 Lanc. 318; Wright v. County of Lancaster, 42 Lanc. 245; Selfridge v. Mifflin County, 17 D. & C. 532. A contrary conclusion was reached in Mensch v. Columbia County, 4 D. & C. 223, holding that under the Acts of 1891, supra, the right of appeal therein provided may be exercised by the party aggrieved before final confirmation of the report of the viewers.

The question finally reached the Superior Court on appeal from the decision of the lower court in Wright v. County of Lancaster, supra. The Superior Court, in 101 Pa. Superior Ct. 87, 92, recognized the contrariety in the conclusions of the lower courts and reversed the lower court, holding that under the Acts of 1891, supra, it is perfectly clear that "no appeal may be taken when more than thirty days have elapsed after final confirmation, but there is nothing therein prohibiting the taking of the appeal at any time after the decree nisi and prior to the expiration of thirty days after final confirmation." The court said that it found no difficulty in holding that the

appeal (p. 94) "may be taken at any time after the confirmation nisi but must, in any event, be taken not later than thirty days after the decree of final confirmation."

The Acts of 1891, supra, providing for the time within which an appeal from the report of viewers must be taken, used language similar to that employed in the Act of 1937, supra, which controls the present situation. Therefore, we feel that we must, in construing the Act of 1937, follow the construction of the Superior Court in passing upon the similar provisions of the Acts of 1891.

And now, January 27, 1941, the rule to strike off the Pennsylvania Turnpike Commission's appeal and demand for a jury trial is hereby discharged.