### Roselli's Appeal

*Everett Kent,* for appellant.

*George F. Coffin* and *Richard D. Grifo,* for Commonwealth.

BARTHOLD, J., March 12, 1945.—This case comes before the court upon a motion to strike off an appeal from a viewers' award.

On May 22, 1944, Samuel Roselli, husband of Lena Roselli, petitioned the court of quarter sessions for the appointment of viewers to assess damages for property taken by the Commonwealth in the construction, relocation, and alteration of State Highway Route 166 leading from East Bangor to Mt. Bethel, Northampton County, Pa.

The viewers found that at the time of the taking on September 11, 1941, Samuel Roselli and Lena Roselli, his wife, were the owners of the land subject to a mortgage of $550. The report of the viewers fixes the damages at $400 and directs the Commonwealth to pay the same to Samuel Roselli and Lena Roselli upon the filing of a release of the land from the lien of the mortgage. This report was filed and confirmed nisi by the court on August 14, 1944.

On October 12, 1944, 59 days after the confirmation nisi, Lena Roselli filed an appeal in the Court of Common Pleas of Northampton County. The appeal recites that Lena Roselli is an interested party in the award made by the board of viewers in their report filed on August 14, 1944, and that, being dissatisfied with the report, she "does hereby appeal from said report and does demand that the lawful damages caused by the taking, injury, or destruction of the property of the said appellant and the just and lawful compensation to be paid therefor shall be determined by your Honorable Court, according to the provisions of the Constitution of the Commonwealth of Pennsylvania, and acts of assembly in such case made and provided. . . ." The reason assigned in support of the appeal is that the board of viewers did not award sufficient compensation to appellant for the injury sustained to the property.

On November 9, 1944, the Commonwealth of Pennsylvania filed a motion to strike off the appeal. The reasons assigned in support of the motion are the following:

"1. Said appeal was not filed within thirty (30) days of the filing of the report of the board of viewers with the Clerk of Quarter Sessions of the Peace in and for the County of Northampton.

"2. Said appeal was not filed within the time as required by law from the date of the filing of the report of the board of viewers.

"3. No exceptions were taken to the report of the board of viewers and the report of the board of viewers as filed with the clerk of quarter sessions is now binding upon the parties."

Upon argument of the motion, the Commonwealth advanced an additional reason in support of its motion, namely, that Lena Roselli does not have a legal interest in the award.

It will assist in clarifying the issues to bear in mind that we are here dealing with the right of appeal and not the right to file exceptions. Generally speaking, the parties who believe themselves aggrieved by the viewers' report have two available remedies. They may except to the report of the viewers and in addition they may appeal from the viewers' report and have the matter tried de novo by a common pleas jury. The two proceedings perform different functions. Irregularities in the proceedings are reached by exceptions, while the question of the amount of damages to be awarded in condemnation proceedings is, in the first instance, a matter solely for the viewers, subject to an appeal and trial de novo before the common pleas jury: In re Petition of City of Pittsburgh, etc., 179 Pa. 630; Scholl's Appeal, 292 Pa. 262; Allentown's Appeal, 121 Pa. Superior Ct. 352. Since the matters considered on exceptions and on appeal to the common pleas jury are different, there is nothing to prevent the filing of exceptions and the taking of an appeal: Bowers v. Braddock Borough, 172 Pa. 596; In re Narrowing of Cresson Street, 10 Pa. Superior Ct. 332; Opening of Fifty-fifth Street, 9 Dist. R. 453, affirmed in 16 Pa. Superior Ct. 133.

The land was taken by the Commonwealth for State highway purposes under the State Highway Department Act of May 31, 1911, P.L. 468, and its amendments, 36 PS §171. This act provides that "the proceedings upon said petition and by the viewers shall be

governed by existing laws relating to the ascertainment and assessment of damages, as well as any benefits, for opening public highways. The county commissioners, or any other party to such proceedings, may appeal from the award of the viewers to the court of common pleas, and shall be entitled to a trial by jury." The act contains no specific provisions covering procedure on appeal, leaving these matters to "existing laws". The "existing laws" referred to are the Act of April 15, 1891, P. L. 17, sec. 1, 36 PS §2151, and the Act of May 28, 1891, P. L. 116, no. 102, sec. 1, 53 PS §565. These acts provide for the remedy of trial by jury on appeal to the common pleas from viewers' proceedings in road cases. The Act of May 26, 1891, supra, is not limited to cases of appropriations by municipal corporations but applies to appropriations by the State and to county and township road cases: Mensch v. Columbia County, 4 D. & C. 223.

The Act of April 15, 1891, supra, confers upon the county commissioners, the city, or other municipal corporation required to pay damages, or any owner or tenant of the property "the right to appeal to the court of common pleas . . . , from the decree of the court of quarter sessions confirming the award of such jury . . . : Provided, The appeal be taken within thirty days after the final confirmation of the report of said jury . . ." The Act of May 26, 1891, supra, confers the right of appeal to the common pleas court upon any party aggrieved by the confirmation of any report of viewers filed in the quarter sessions court. The appeal is taken from the court of quarter sessions to the court of common pleas "for a trial of the question of damages by jury, according to the course of common law", and must be taken "within thirty days from the entry of said decree of confirmation by the court of quarter sessions, and not afterwards".

The Superior Court in Wright v. County of Lancaster, 101 Pa. Superior Ct. 87, 92, in construing the above acts of assembly, expressly held that:

"The proviso of the first act refers expressly to 'the final confirmation of the report' and we think the 'decree of confirmation' mentioned in the second is, by implication, the final decree."

It is now definitely settled that the word "confirmation" means absolute or final confirmation and not confirmation nisi: In re Vernon Park, 163 Pa. 70; Wright v. County of Lancaster, supra; Thornton's Appeal, 34 Pa. C. C. 399; In re Wright's Private Road in Black Creek Township, 19 Luz. 37; Heist v. Montgomery County, 1 Dist. R. 546.

In the case at bar, the viewers' report was filed on August 14, 1944, and confirmed nisi by the court on the same day. While no formal decree of absolute or final confirmation has ever been entered by the court, nevertheless, final confirmation has followed by operation of law under Northampton County Court Rule 261 and the Act of March 27, 1903, P. L. 83, sec. 1, 26 PS §22.

Northampton County Court Rule 261 provides that "exceptions shall be filed within thirty days after the filing of the report or the report shall be confirmed absolute". The Act of March 27, 1903, supra, provides that "whenever any report of viewers, or juries of view, appointed by the court of quarter sessions of this Commonwealth to assess damages and benefits for the opening, widening, narrowing or vacating of any road, street or highway, or the taking of private property in and by the construction or enlargement of any public work, highway or improvement, shall have been filed, the same shall be confirmed by the court of quarter sessions to which the said report is made, at the expiration of thirty days from the date of the filing thereof, unless exceptions thereto have been filed within such time."

Under the court rule and the Act of 1903, the viewers' report became final on September 13, 1944, since

no exceptions were filed within the allotted 30-day period. Then, in order to comply with the provisions of the Acts of 1891, supra, appellant had to take her appeal within 30 days from September 13, 1944, the date of final confirmation, i. e., on or before October 13, 1944. The failure to enter formally on the record an absolute or final confirmation by the court did not, in our opinion, extend the time for taking an appeal. The Superior Court in the case of Steigler v. Petitioners for Road in Peach Bottom Township, 105 Pa. Superior Ct. 66, decided that the failure to enter formally an absolute confirmation on the record does not extend the time for filing exceptions and the same rule undoubtedly would be applied with respect to appeals.

The appeal in the instant case was filed on October 12, 1944, clearly within the time prescribed under the statutes. Any doubt about the matter is dispelled by the decision of the Superior Court in the case of Wright v. County of Lancaster, supra. At page 92 of the opinion, the Superior Court specifically states the following:

"One thing perfectly clear under these statutes is that no appeal may be taken when more than thirty days have elapsed after final confirmation, but there is nothing therein prohibiting the taking of the appeal at any time after the decree nisi and prior to the expiration of thirty days after final confirmation."

There is no merit in the Commonwealth's contention that the appeal is barred because no exceptions were taken to the report of the board of viewers within 30 days after the filing of the report. As already noted in this opinion, the right to file exceptions and the right of appeal are separate and distinct remedies. The one is not dependent upon the other.

The contention of the Commonwealth that the appeal should be stricken off because Lena Roselli does not have a legal interest in the award is grounded upon matters of fact which do not appear of record. We can-

not undertake to pass upon matters dehors the record upon a motion to strike off the appeal.

And now, March 12, 1945, the motion of the Commonwealth of Pennsylvania filed November 9, 1944, wherein the Commonwealth of Pennsylvania moved to strike off, quash, and dismiss the appeal of Lena Roselli filed October 12, 1944, in the Court of Common Pleas of Northampton County, is denied.