## Appointment of Viewers to Assess Damages to Behney Real Estate

*Charles W. Wolf* and *Donald G. Oyler*, for claimants.
*Brown, Swope & MacPhail*, contra.

SHEELY, P. J., May 24, 1958.—The question presented in this case is whether the appeal of the Commonwealth from the award of viewers appointed to assess damages to James E. Behney and Leila Jane Behney for the taking of their property for road purposes was filed within the time permitted by statute. The report of the viewers was filed in the court of quarter sessions on December 12, 1957, and was confirmed nisi. No exceptions were filed to the report, and on January 13, 1958, more than 30 days thereafter, the report was confirmed absolute. On January 14, 1958, the Commonwealth appealed to the court of common pleas and asked for a jury trial. The property owners then moved to quash the appeal on the ground that it was not filed within 30 days of the filing of the viewers' report as required by statute.

The situation is governed by sections 303 and 304 of the State Highway Law of June 1, 1945, P. L. 1242, 36 PS §670. Section 303 deals with the case where the county commissioners agree to pay the damages and provides, inter alia, "that the county commissioners, or any other party to such proceedings, may within thirty days after the filing of the report of viewers,

appeal from the award of viewers to the Court of Common Pleas, and shall be entitled to a trial by jury." Section 304 relates to the case where the county commissioners do not agree to pay the damages and the liability for damages is upon the Commonwealth, which is the situation in this case. It is there provided that a petition may be presented for the appointment of viewers to assess damages "within the same time in the same manner and with the same right of appeal to the owner or owners and to the Commonwealth as is hereinbefore provided in cases where the county agreed to such change." The pertinent provision of the statute is that the parties "may within thirty days after the filing of the report of viewers, appeal from the award of viewers to the Court of Common Pleas." Must the appeal be filed within the 30-day period, or may it be filed after the expiration of that period?

Prior to the State Highway Law of 1945 proceedings for taking land for State highway purposes were governed by the State Highway Department Act of May 31, 1911, P. L. 468, 36 PS §171. That act provided that "the proceedings upon said petition and by the viewers shall be governed by existing laws relating to the ascertainment and assessment of damages, as well as any benefits, for opening a public highway. The county commissioners, or any other party to such proceedings, may appeal from the award of viewers to the court of common pleas and shall be entitled to a trial by jury." The act made no provision for the time within which the appeal could be filed, but the "existing laws" referred to were the Act of April 15, 1891, P. L. 17, 36 PS §2151, and the Act of May 28, 1891, P. L. 116, 53 PS §565. Under those acts the parties had the right to appeal to the court of common pleas from the decree of the court of quarter sessions confirming the award of the jury of view or the viewers, for a trial of the question of damages by a jury, within

30 days after the final confirmation of the report: Roselli's Appeal, 54 D. & C. 50 (1945) ; Wright v. Lancaster, 101 Pa. Superior Ct. 87, 92 (1930). It is the contention of the Commonwealth that these acts have not been repealed and are still in force and are applicable to this case. It is, therefore, the contention of the Commonwealth that a party aggrieved has the option to appeal from the award of viewers within 30 days after the filing of the report of the viewers, under section 303 of the State Highway Law of 1945, or within 30 days after the confirmation of such report, under the provisions of the Acts of 1891.

We believe that this position is untenable. The provisions of the Acts of 1891, permitting an appeal within 30 days after final confirmation of the viewer's report, were incorporated by reference into section 16 of the Act of May 31, 1911, P. L. 468, as "existing laws", and constituted the only provision for appeal contained in that act. There was no such incorporation by reference into the State Highway Law of June 1, 1945, P. L. 1242. That act was entitled, "An Act relating to roads, streets, highways and bridges; amending, revising, consolidating and changing the laws administered by the Secretary of Highways and by the Department of Highways relating thereto", and section 16 of the Act of May 31, 1911, P. L. 468, was specifically repealed by it. The State Highway Law of 1945 set up a complete system for the assessment of damages for land taken for State highway purposes, and included a provision for an appeal from the award of the viewers within 30 days after the filing of the viewer's report. That system must be considered as exclusive. Section 91 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §591, provides that "whenever a law purports to be a revision of all laws upon a particular subject, or sets up a general or exclusive system covering the entire subject matter

of a former law and is intended as a substitute for such former law, such law shall be construed to repeal all former laws upon the same subject."

The Commonwealth's contention is that the provision for appeal contained in section 303 of the State Highway Law of 1945 was intended to be permissive only, and to permit an appeal within 30 days of the filing of the viewers' report without disturbing the existing right to an appeal within 30 days after confirmation of the viewers' report as then provided by law. If that were true the legislature could easily have so provided. But there was no necessity for such permission authority as it was held in Wright v. County of Lancaster, 101 Pa. Superior Ct. 87, 92 (1930), that an appeal prior to confirmation of the viewers' report was not premature under the State Highway Department Act of May 31, 1911, P. L. 468, 36 PS §171. The fact that the legislature included in the State Highway Law of 1945 a provision for appeal within 30 days of the filing of the viewers' report, and made no reference to existing laws or to an appeal thereafter, would indicate that the legislature intended this method of appeal to be the exclusive method.

The problem of the time within which an appeal must be taken in road damage cases has been the source of litigation under many statutes dealing with the subject. See Fornance v. Montgomery County, 311 Pa. 18 (1933) ; Vernon Park, Philadelphia's Appeal, 163 Pa. 70 (1894) ; Wright v. County of Lancaster, 101 Pa. Superior Ct. 87 (1930) ; Spear v. Montgomery County, 24 Pa. C. C. 177 (1900) ; Roselli's Appeal, 54 D. & C. 50 (1945). In view of this it is inconceivable that the legislature would enact the general State Highway Law of 1945 providing for an appeal within 30 days of the filing of the viewers' report and make no mention of an appeal within 30 days of the confirmation of that report or of "existing laws" if it

intended that the aggrieved party should have a choice of the time within which to appeal.

The Commonwealth further contends that to limit the right of appeal to a period of 30 days after the filing of the viewers' report would prevent a party from appealing after the Court had disposed of exceptions to the viewers' report if that were not done within the 30-day period. But that does not follow. In Roselli's Appeal, 54 D. & C. 50, 53 (1945), Judge Barthold of Northampton County pointed out that exceptions and appeals perform different functions. "Irregularities in the proceedings are reached by exceptions, while the question of the amount of damages to be awarded in condemnation proceedings is, in the first instance, a matter solely for the viewers, subject to an appeal and trial de novo before the common pleas jury: . . . . Since the matters considered on exceptions and on appeal to the common pleas jury are different, there is nothing to prevent the filing of exceptions and the taking of appeal: Bowers v. Braddock Borough, 172 Pa. 596; In re: Narrowing of Cresson Street, 10 Pa. Superior Ct. 332; Opening of Fifty-fifth Street, 9 Dist. R. 453, affirmed in 16 Pa. Superior Ct. 133."

Whether an appeal is allowed from the report of the viewers or from the decree of confirmation of that report, the purpose and the result is the same, a trial of the issue of damages before a jury. Consequently there is no real reason for two systems of appeal since the court, on exceptions to the viewers' report, could do no more than set aside the report and refer the matter to another board of viewers; it could not change the amount of damages awarded. If a party excepted to the viewers' report because of the alleged irregularities, and also appealed from the award, trial of the issue of damages before the common pleas jury would simply be delayed until the exceptions had been

disposed of. It is further noted that in this case there were no exceptions to the viewers' report.

The property owner contends that even if the Acts of 1891 apply and the Commonwealth had the right to appeal from the award of the viewers within 30 days of the filing of the viewers' report or to appeal from the order of court confirming that report within 30 days after the order, the appeal in this case was actually from the award of the viewers and not from the order of court confirming that report and, therefore, should have been taken within 30 days of the filing of the report. This contention is supported by the decision of the Supreme Court in Vernon Park, Philadelphia's Appeal, 163 Pa. 70 (1894), and by Spear v. Montgomery County, 24 Pa. C. C. 177 (1900). In those cases it was held that the Act of 1874 allowed an appeal from the assessment of damages within 30 days of filing the report and that the Act of 1891 permitted an appeal from the decree of confirmation within 30 days of the decree, and that the two systems were not irreconcilable but "both are open to the parties that they may make their choice." In the Spear case the court held that the county had appealed "from the assessment of damages" and since the appeal was filed 31 days after the filing of the viewers' report, but only one day after the confirmation thereof, it was too late.

This position is, of course, exceedingly technical and we would hesitate to foreclose a party's right to appeal and to a trial by jury unless he had clearly lost that right. In the present case the Commonwealth's appeal recited that the Commonwealth being "dissatisfied with the report of the viewers . . . said report having been filed and confirmed nisi on December 12, 1957, and confirmed absolute on January 13, 1958, does hereby appeal from said report. . . ." The præcipe to the prothonotary was to "enter appeal on behalf of

the Commonwealth of Pennsylvania from the report of viewers in the above entitled proceedings filed and confirmed nisi on December 12, 1957, and confirmed absolute on January 13, 1958." While the appeal states that it is from the report of the viewers, it also states that the report was confirmed absolute by the court. We would construe this to be sufficient if an appeal could be taken after the confirmation of the viewers' report. As pointed out above, whether a party appeals from the report of the viewers or from the decree of confirmation thereof, the purpose and the effect is the same, the trial of the issue of damages by a jury.

We conclude that under the State Highway Law of 1945 appeals from the award of viewers to the court of common pleas must be filed within 30 days of the filing of the viewers' report and that there is no provision for the filing of an appeal after the confirmation of that report. The appeal in this case was therefore too late and must be quashed.

And now, May 24, 1958, the appeal of the Commonwealth in this case is quashed. An exception to this order is noted for the Commonwealth.