James C. Noyes, Hannah M. Noyes, James C. Blandin
et al., heirs at law of A. C. Noyes, deceased, v. John
K. Brooks and David Brooks, Appellants.

*Arbitration—Appeal in forma pauperis—Costs—Recognizance—Act of
June 16, 1836.*

Where under the act of June 16, 1836, sec. 27, P. L. 301, the court
allows the defendants in an action of ejectment to appeal from the award
of arbitrators without payment of costs, by reason of their poverty, the
defendants are not thereby relieved from entering into the recognizance
required by the act.

Argued March 18, 1896.    Appeal, No. 201, Jan. T., 1896, by
defendants, from order of C. P. Clinton Co., Sept. T., 1895,
No. 38, striking off appeal in forma pauperis from award of arbi-
trators.    Before STERRETT, C. J., GREEN, WILLIAMS, MITCH-
ELL and FELL, JJ.    Affirmed.

Motion to strike off appeal from award of arbitrators.

The facts appear by the opinion of MAYER, P. J., which was
as follows :

The plaintiffs instituted an action of ejectment, and issued a
rule to arbitrate, and obtained an award against the defendants
for the land described in the writ.    The defendants took an
appeal from the award of arbitrators.    On August 20, 1895,
they presented their petition to Hon. J. W. Clark, associate
judge of this court, in which they averred that by reason of
poverty they were unable to pay the costs in taking the appeal
from said award.    Whereupon Judge CLARK made an order that
the defendants should be allowed to appeal without the pay-
ment of costs.    The necessary affidavit for the appeal was made,
the appeal entered, but the defendants did not enter into a re-
cognizance.    The plaintiffs have moved to strike off the appeal
on the ground that no recognizance was given.

The act of June 16, 1836, sec. 27, provides as follows :

" Either party may appeal from an award of arbitrators, to
the court in which the cause was pending at the time the rule
of reference was entered, under the following rules, regulations
and restrictions, viz :

" I. The party appellant, his agent, or attorney, shall make oath or affirmation, that ' it is not for the purpose of delay such appeal is entered, but because he firmly believes injustice has been done.'

" II. Such party, his agent, or attorney, shall pay all the costs that may have accrued in such suit or action.

" III. The party, his agent, or attorney, shall enter into the recognizance hereinafter mentioned."

Section 28 provides : " If the party against whom any award shall be made aforesaid, not being the party by whom the rule of reference was taken out, shall apply by petition to a judge of the court in which such action is depending, and shall therein set forth that, by reason of poverty, he is unable to pay the costs of the suit, as aforesaid, and shall make affidavit of such fact, it shall be lawful for such judge, after due notice to the opposite party, if he shall be satisfied of the truth of the statements in such petition, to make an order that the appeal of such party in the case shall be good, although the costs shall not be paid by him, as aforesaid."

Then follows the act of March 20, 1845, P. L. 189, providing for the recognizance. " In lieu of the bail heretofore required by law, in the cases herein mentioned, the bail in cases of appeal from the judgment of aldermen and justices of the peace, and from the award of arbitrators, shall be bail absolute, in double the probable amount of costs accrued and likely to accrue in such cases, with one or more sureties, conditioned for the payment of all costs accrued or that may be legally recovered in such cases against the appellant."

We are very clear in our opinion that the defendants are required to comply with the requirements of the act of March 20, 1845, and give the recognizance therein specified. Their exemption from the payment of costs does not relieve them from giving a recognizance, in compliance with section 27, clause III. of the act of June 16, 1836, P. L. 301. It is a necessary prerequisite to the perfecting of the appeal.

In Everhart v. Tonesha et al., 4 Kulp, 376, it was decided that the defendant's " affidavit of inability to pay the costs relieved him from the necessity of paying the same as a condition to his right to appeal, but not from the necessity of giving bail therefor, as required by the act of March 20th, 1845, P. L. 189." To

the same effect is the case of Gorman v. Falkler, 2 Pearson, 316, and Davidson v. Goodwill Cloak & Suit Co., 16 Pa. C. C. Rep. 27.

[It is therefore ordered that, unless defendants enter into a recognizance as required by the act of March 20, 1845, P. L. 189, within twenty days, the appeal be stricken off.] [1]

*Error assigned* was above order.

*C. S. McCormick*, for appellant.—We maintain, first: that the language of the acts of assembly does not sustain the rulings of the court below. Second: that they are not sustained by a fair construction of the said acts. And third: that they are not sustained by the practice of the lower courts, nor the decisions of the judges of the same: Act of June 16, 1836, P. L. 301; act of March 20, 1845, P. L. 189; Roberts' Digest of British Statutes, 116; 1 Blackstone, 39; Davidson v. Good Will Coal Co., 16 Pa. C. C. R. 27: Wendell v. Simpson, 7 W. N. C. 31; Cowan v. Chester, 2 Del. County, 234; Handsmen v. Frey, 2 Mont. County, 14; Grennwood v. Philadelphia, Wilmington & Balt. R. R., 5 Lanc. Law Rev. 214.

*Jesse Merrill*, *S. D. Ball* with him, for appellee, cited: Schrenkeisen v. Kisbaugh, 162 Pa. 46; McConnell v. Morton, 11 Pa. 398; East Union Twp. v. Ryan, 86 Pa. 459; Haddock v. Commonwealth, 103 Pa. 248; Rich v. Keyser, 54 Pa. 86.

PER CURIAM, April 6, 1896:
The single question in this case is, whether the learned president of the common pleas erred in holding that the order, allowing the defendants to appeal from the award of arbitrators without payment of costs, did not also relieve them from entering into the required recognizance, and in making, pursuant thereto, the peremptory order recited in the specifications of error? We are clearly of opinion that he did not.

According to section 27 of the act June 16, 1836, P. L. 301, prescribing the "rules, regulations and restrictions" under which either party may appeal from an award of arbitrators, the necessary prerequisites are: (1) making the specified oath or affirmation; (2) payment of "all costs that may have accrued,"

and (3) entering into the required recognizance. As to the second prerequisite, section 28 of the act provides for obtaining " an order that the . . . . appeal shall be good," without payment of costs, in certain cases wherein the judge making the order is satisfied that the party applying therefor is, " by reason of poverty, unable to pay the costs ; " but, there is no provision in the act, or elsewhere, authorizing the court or a judge thereof to make an order, in forma pauperis, relieving appellants of the class to which defendants belong from complying with the third necessary prerequisite above mentioned.

It would, no doubt, have been competent for the legislature to have relieved that class from compliance with the third prerequisite as well as the second, but it does not appear to have been their intention to do so. ˙ While the policy of the act is to prevent frivolous appeals, the exception as to payment of costs, above referred to, was made for a reason apparent in the exception itself.   In the 31st section, a further exception is made in favor of executors, administrators, minors, etc.   As to that class, it is declared, " the appeal shall be good without payment of costs, or entering into recognizance, if such appellant shall not have taken out the rule of reference."   In Morton's Admrs. v. Morton, 11 Pa. 398, it was held that this exception did not relieve the administrators from complying with the first prerequisite of the 27th section of the act.   As was said in that case, " the old maxim is, the exception proves the rule, that is, makes the general rule good, so far as the exception does not reach."

It follows from what has been said that the decree should be sustained.

Decree affirmed and appeal dismissed with costs to be paid by appellants.


PER CURIAM :

And now, April 15, '96, the decree filed in this case on the 6th April, '96, is amended by adding the following words, viz : " With leave to the appellant to perfect the appeal taken by him from the award of arbitrators by giving the recognizance required by law within twenty days from the date of this decree," viz, the 6th day of April, 1896.