# Altoona & Logan Valley Electric Railway Company *v.* Miller, Appellant.

*Street railways—Eminent domain—Award of viewers—Appeal—Act of June 1, 1907, P. L. 368.*

Where a report of viewers awarding damages against a street railway company for land condemned is filed and marked "within report read and confirmed nisi," and one month thereafter is marked by the prothonotary "no exceptions having been filed confirmed absolutely," an appeal taken ten days thereafter is too late and will be stricken off by the court. Under the Act of June 1, 1907, P. L. 368, the appeal must be taken within thirty days after the first confirmation. The mere fact that the court added the word "nisi" is immaterial. By using the word the court may have intended merely to afford an opportunity to file exceptions, or to preserve the right of appeal for thirty days.

Argued Oct. 23, 1911. Appeal, No. 246, Oct. T., 1910, by defendant, from order of C. P. Blair Co., June T., 1910, No. 40½, striking off appeal from order of viewers in case of Altoona & Logan Valley Electric Railway Company v. Rhoda Miller. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Appeal from award of viewers. Before BALDRIGE, P. J. The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order striking off the appeal.

*H. W. Petrikin,* for appellant, cited: Irwin's App., 7 Pa. Superior Ct. 354; Guffey's App., 7 Pa. Superior Ct. 478.

*Thomas H. Greevy,* with him *E. G. Brotherlin,* for appellee, cited: Chestnut Hill & Spring House Turnpike Road Co. v. Montgomery County, 228 Pa. 1.

OPINION BY RICE, P. J., March 1, 1912:

This is an appeal from a proceeding under the Act of

June 1, 1907, P. L. 368, which is a supplement to the Act
of May 14, 1889, P. L. 211, relating to street railways.
The proceeding was instituted by a petition of the plaintiff,
upon which the court appointed viewers to estimate and
determine the damages sustained or to be sustained by
the plaintiff's appropriation, under its power of eminent
domain, of certain land of the defendant. The report of
viewers, in which the defendant was awarded a certain
sum as damages, was filed on July 6, 1910, and on the same
day the court indorsed on it, "within report read and
confirmed nisi." On August 6, 1910, the prothonotary
made this indorsement, "no exceptions having been filed,
confirmed absolutely;" on August 15, the defendant ap-
peared in the prothonotary's office and entered an appeal
"from the award of viewers to the court of common
pleas;" on August 24, the court granted the plaintiff a
rule to show cause why the appeal should not be stricken
off; subsequently the defendant filed an answer; and on
October 14, 1910, the court made the rule absolute and
struck off the appeal, upon the ground that it should have
been taken within thirty days after the first confirmation.
The defendant then took this appeal. The only matter
she assigns as error is the last mentioned order, her con-
tention being that the act gave her thirty days from the
date of the last confirmation within which to appeal.

Section 3 of the act of 1907 provides, inter alia, that the
viewers shall make report to the court; "and if any dam-
ages be awarded, and the report be confirmed by the said
court, judgment shall be entered thereon; and if the
amount thereof be not paid within thirty days after the
entry of such judgment, execution may then issue thereon
for the sum so awarded, . . . . provided, That either
party shall have the right of appeal from the report of
said viewers to the said court of common pleas, within
thirty days after confirmation of the report, and the appeal
shall be tried by a jury, as in similar cases, but the costs
of the appeal shall be paid by such corporation; after
final judgment, either party may appeal therefrom to

the superior court or the supreme court, as the case may require." It will be noticed that the act of 1907 contains no provision as to confirmation nisi of the report, or as to its lying over any length of time after being filed before it may be acted on by the court. It is to be noticed, also, that there is nothing in the act of 1889, to which it is a supplement, regulating the practice in such cases. Nor is it alleged that any irregularity had occurred, up to the time the order was made, which could have been taken advantage of by exception, or which either party desired to take advantage of. So that it cannot be contended that the first order was prematurely made, and, we remark, it is not assigned for error. The question, therefore, is as to the true intent and meaning of that order. In the first place, the court acted judicially, and not merely ministerially, in making it. This is not only to be presumed, but is affirmatively shown by the order itself. The confirmation was entered after the court had examined the report. If the word "nisi" had not been added, there would be no room for doubt that the period of thirty days within which the right of appeal must be exercised began to run at the date of the order. But the confirmation thus made would have been subject to the right of appeal given by the subsequent portion of the section. If, instead of using the word "nisi," the court had said that the confirmation was subject to this right, this might have been surplusage, but it certainly would not have changed the effect of the order so as to postpone the running of the period within which the right was to be exercised. We are not convinced that any broader meaning is to be given to the word "nisi," unless, perhaps, it was also intended to afford opportunity to file exceptions. Speaking of the provision of the Act of June 13, 1874, P. L. 283, that the appeal shall be taken "within thirty days from the ascertainment of the damages or the filing a report thereof in court pursuant to any general or special act, and not afterwards," the Supreme Court said: "The filing of exceptions to the report of viewers has nothing to do with the

right of appeal. That right can only be exercised according to the terms in which it is given. The hearing of the exceptions can go on and be completed before the case is actually tried, and if the exceptions are decided favorably to the appellant so as to defeat the proceeding, no trial will be necessary. If otherwise the trial can then proceed:" Bowers v. Braddock Boro., 172 Pa. 596. It is thus seen that, though it be conceded that the purpose of the court in adding the word "nisi" was to preserve not only the statutory right of either party to appeal within thirty days, but also the right of either party to file exceptions within that time, yet it does not logically follow that the order was not such a confirmation as the statute contemplates as the beginning of the period within which the appeal must be taken. The construction given secs. 6 and 8 of the Act of June 2, 1887, P. L. 306, relating to proceedings for condemning a turnpike, in the recent case of Chestnut Hill and Spring House Turnpike Road Company v. Montgomery County, 228 Pa. 1, is based on considerations which are applicable here. The provision of that act is that the appeal shall be taken "within thirty days after the approval of the report." Justice VON MOSCHZISKER said: "When the quarter sessions puts its first approval upon the report, it indicates that the court is satisfied with the amount of damages awarded, and that at the end of the next thirty days, if no appeal is taken in the meantime, the report will be confirmed finally." So it may be said here, that when the court, after reading the report, made its first order, it thereby indicated its approval, but, at the same time, its intention to preserve the parties' right of appeal. This construction affords a proper and sufficient opportunity for interested parties to determine whether the protection of their interests requires an appeal and a trial before a jury in the common pleas. The case of Vernon Park, Philadelphia's Appeal, 163 Pa. 70, does not touch the question before us. The question there, was whether the Act of May 26, 1891, P. L. 116, gives an appeal from the decree of confirmation

notwithstanding the provision of the act of 1874 to which we have alluded, and it was held that the two systems are not irreconcilable, but may run together with entire harmony. Here, as we have tried to show, the controlling question is as to the interpretation of the first order of confirmation.

In the view we have taken of the substantial question in the case, which was fully argued by counsel, it is unnecessary to pass on the question raised by the appellees' motion to quash this appeal and we reserve expression of opinion upon it.

The order is affirmed and the appeal dismissed at the cost of the appellant.