## Sarapin v. Philadelphia (Kelley-Schonfeld Shoe Co., Appellant).

Argued January 14, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*S. I. Sacks,* of *Sacks & Piwosky,* with him *Horenstein, Feldman & Harvey,* for appellant.

*Thomas P. Mikell,* of *Saul, Ewing, Remick & Saul,* for Philadelphia Company for Guaranteeing Mortgages, appellee, was not heard.

*James R. Wilson,* of *Wilson & Wilson,* and *Philip Richman,* for Penn State B. & L. Assn. and Samuel A. Green, appellee, were not heard.

PER CURIAM, March 14, 1932:

This appeal arose out of the application of $6,086 for damages to the property of plaintiff at 4453 and 4455 Main Street, Manayunk, in the City of Philadelphia, awarded by reason of a change in the grade of Main Street in front of plaintiff's premises, caused by the construction of a bridge over the Schuylkill River. The property in question was subject to first, second and

third mortgages. The mortgagees, respectively, petitioned the court below for leave to intervene as claimants and to have the damages paid to them. Four creditors of Sarapin, to whom he had assigned the award, were given leave to intervene, and, by agreement, claimed the fund jointly. The court below awarded the damages to the Philadelphia Company for Guaranteeing Mortgages, to be applied on account of its first mortgage of $10,000, after making indicated payments for costs, etc., following which, the creditor group to whom Sarapin had assigned, petitioned the court below that they "be subrogated to so much of the first mortgage......as the same shall be reduced by the payment of the proceeds in the above award." Appellant, who is one of the four creditors, appeals from the decree making the damage award payable to the first mortgagee, and also from the order of the court below dismissing the petition for subrogation.

We adopt the following excerpts from the per curiam opinion of the court below as to the award of the damage fund: "The first mortgagee claims the fund because his mortgage was a first lien at the time of the injury to the mortgaged property occasioned by the change of grade. As the first mortgage [indebtedness] exceeds the amount of the award, the entire [fund].....must be awarded to him and it will not be necessary to consider the rights of the other mortgagees...... Immediately before the change of grade and the infliction of the injury complained of, the [first] mortgage was secured by the mortgaged premises unaffected by the change of grade. With the change of grade, the mortgagee's security was reduced some $6,000. It does not lie in the mouth of the owner or his assignees, with notice of the recorded mortgage, to contend that the first mortgagee should be satisfied with an impaired or lessened equity in the mortgaged property. The award itself shows that the mortgaged premises have been reduced or impaired in value to the extent of some $6,000. A mortgagee has the right

to insist that the mortgage security shall remain intact until his mortgage is discharged, and if in the meantime the mortgage security is impaired or lessened in value by either the taking of a portion of the mortgaged premises or by injury [thereto] by a change of grade, the mortgagee has the right to demand that the damages arising from such public work shall be applied on account of his mortgage." Citing Woods Run Avenue, 43 Pa. Superior Ct. 475, and cases there cited.

As to the right of appellant and his fellow-creditors to be subrogated to the rights of the first mortgagee to the extent of the payment in reduction of the mortgage, the court below correctly states the law to be, "The doctrine of subrogation is invoked in favor of one who has been compelled to pay a debt which ought to have been paid by another; and one so paying it is entitled to exercise all the remedies which the creditor possessed against that other, and to indemnify himself from the fund out of which should have been made the payment which he made." Appellant did not make the payment here in question, consequently cannot claim either the right to the fund, as against the first mortgagee, or the right to be subrogated to the latter for the amount of the reduction of its mortgage.

The decree and the order appealed from are affirmed at cost of appellant.