## Steigler, Appellant, v. Petitioners for Road in Peach Bottom Twp., York Co.

Argued March 16, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*James J. Logan,* and with him *Harry M. Brooks,* for appellant.

*Charles A. Hawkins,* for appellee.

Opinion by Baldrige, J., May 4, 1932:

This is an appeal from a decree of the learned court

below dismissing exceptions filed to the report of viewers in a road case.

On October 20, 1930, at the August Term of court, upon petition of the inhabitants of Peach Bottom Township, York County, the court of quarter sessions appointed proper persons to view and widen a portion of the public road, existing by prescription, and assess damages.

The appellant maintains that the proceedings failed to conform to the York County Special Act of February 17, 1860, P. L. 61, and the Act of June 13, 1836, P. L. 551 (36 PS 1781), and its amendments. The York County Act provides for the locating of a public road, or a bridge, but it does not refer to the widening of a road; and hence has no application to this proceeding. The Act of 1836, supra, was confined likewise to the laying out, opening and constructing of new roads, but it was amended by the Act of May 8, 1850, P. L. 713, sec. 8 (36 PS 1988), which enlarged the powers of the court of quarter sessions to grant orders for the widening of roads under the same rules and restrictions regulating the laying out and vacating of public roads. The Road Law of 1836 required the appointment of six viewers, but the Act of May 8, 1889, P. L. 129 (36 PS 2461), states that in all proceedings to vacate a public or private road, or to assess damages as provided by law, the viewers shall consist of three fair, judicious and impartial persons.

The appellant contends that this last mentioned act did not refer to the widening of roads and that this proceeding is illegal, as three viewers, instead of six, were appointed; and that two views and two sets of viewers, one to widen and one to assess damages, are required. We have ruled to the contrary in Loyalsock Township Road (No. 1), 26 Pa. Superior Ct. 219, where we pointed out that the assessment of damages caused by the widening of the road is to be made in the same

manner as in the laying out of a new road, etc., that is, by the three viewers appointed to report upon the proposed widening, and not by a separate board of viewers appointed specially for that purpose.

Six of the appellant's thirty-one assignments of error relate to the failure of the viewers to make return to the court at the next term or to obtain a continuance before its termination. The learned court below points out that in York County there are four terms of court. The order appointing the viewers directed them to report to the next term, which commenced one week thereafter, to wit: Monday, October 27, 1930, and continued for one week. The viewers did not report to the October Term, but on December 29, 1930, the time for filing their report was extended to the term which began January 5, 1931, and continued for two weeks. Their report was duly filed on January 10, 1931.

The appellant contends that the order appointing the viewers had expired at the end of the term following which the order was made, and cannot be revived. From 1836 until 1903 that was the law: Sewickley Township Road, 26 Pa. Superior Ct. 572. The Act of March 18, 1903, P. L. 28 (26 PS 21), provides: "That viewers, or juries of view, appointed by any court of this Commonwealth to assess the damages and benefits, due to the taking, injury or destruction of private property, in and by the construction or enlargement of any public work, highway or improvement, shall make their reports within a time when said court shall fix when so appointing them: Provided, That if any of the viewers, or juries of view, so appointed, shall for any good and sufficient reason appearing to the court, be unable to file its report within the period so fixed, the said court may, in its discretion, either before or after the expiration of the time fixed, extend the time for the filing of such report to such a time as

justice and the circumstances of the case may demand.''

The appellant contends that this act is unconstitutional. ''Every statute is presumed to be constitutional. The courts ought not to declare one unconstitutional, unless it is clearly so. If there is doubt, the express will of the legislature should be sustained'': Munn v. Illinois, 94 U. S. 113, 123; Com. ex rel. v. Liveright et al., opinion filed April 7, 1932. We held in Umbria Street, 32 Pa. Superior Ct. 333, that the act is constitutional, and we find no reason to disturb the conclusion there reached. Judge ORLADY, in the course of his opinion, said, ''The former practice was found to be burdensome upon both the courts and suitors in having continuances noted each month, when it was well known that it was not possible to have a final report made within the time stated.'' Furthermore, we think the act applies to the present proceedings. The title fairly indicates, and the body of the act provides for, the assessment of damages for the taking, etc., of private property in the enlargement of a highway. A road is a highway; the widening of a road is, undoubtedly, an enlargement of a highway. In re: Manheim Township Road, 80 Pa. Superior Ct. 581, cited by the appellant, the question involved, and that was all that was determined, was whether the court erred in continuing the order of the view during the term to which it was returnable. It is true that the terms of the Act of 1836 were referred to, but the Act of 1903 was not under consideration.

We have examined the other assignments which relate to the insufficiency of notice, indefiniteness of the termini, etc., and find them without merit. It is unnecessary to discuss them in detail as the assignments of the appellant to the report of the viewers were filed too late, except as to jurisdictional matters. The

Act of March 27, 1903, P. L. 83 (26 PS 22), limits the filing of exceptions to a period of thirty days after the filing of a report. "If no exceptions are filed within the time above prescribed, the report of the viewers or jury of view, shall be confirmed by the court." The failure to enter formally an absolute confirmation on the record did not extend the time for filing exceptions. Where an act of assembly fixes the time within which an act must be done, courts have no power to extend it: Altoona & Logan Valley Co. v. Miller, 49 Pa. Superior Ct. 102; Wise v. Cambridge Springs Boro., 262 Pa. 139.

The assignments of error are overruled and the decree of the learned court below is affirmed.