## Commonwealth v. Hinkle

*Paul A. Mueller,* district attorney, for Commonwealth.

*Geisenberger & Geisenberger,* for defendant.

SCHAEFFER, J., November 17, 1933.—The defendant has moved to quash the proceedings wherein he is charged with reckless driving in violation of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751. Defendant waived a summary hearing and gave bond for his appearance for trial before a judge of the Court of Quarter Sessions of Lancaster County. It is admitted that the original information is complete and regular, but it is alleged that the copy thereof sent to the defendant by the justice of the peace is not a true and correct copy of the original information. The copy referred to does not state where the reckless driving occurred. It differs from the original in several other minor details. The copy of the information mailed to the defendant was part of and supplemental to a printed form of notice. The notice contains all the essential facts set forth in the original information, and defendant does not object to the form or contents of the original complaint. It must be conceded, however, that the copy of the original information mailed to the defendant is not an exact or full copy of the original. The questions, therefore, arise whether this is a sufficient compliance with the statutory law

hereinafter referred to, and whether the fact that the defendant waived a summary hearing and gave bond for his appearance in quarter sessions court precludes him from raising the alleged defect in the proceedings.

Section 1202 of said Vehicle Code, as amended, provides:

"Summary proceedings under this act may be commenced by the filing of information, which information must be filed in the name of the Commonwealth; and, within the period of seven (7) days after information has been lodged, the magistrate shall send by registered mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice."

Section 1204 of the same code as amended, provides, inter alia:

"Any person charged with violating any of the summary provisions of this act may waive summary hearing, and give bond in a sum equal to double the amount of the fine and costs that might be imposed, for appearance for trial before a judge of the court of quarter sessions, or in the county court, or in the municipal court, in counties wherein such court exists, and thereupon the magistrate shall, within fifteen (15) days, return the information to the said court."

Ordinarily, though the process is irregular, such defect is waived by the appearance of the defendant at the hearing, and any indefiniteness in the information is cured by the defendant appearing and going to trial without objection: Commonwealth v. Burkhart, 23 Pa. 521. However, in the instant case, under The Vehicle Code above cited, as applied to the record facts, the court feels that defendant did not waive any irregularity in the proceedings and that the same can be passed upon by the court. In Commonwealth v. Krall, 18 D. & C. 382, the defendant moved in arrest of judgment raising a question of jurisdiction for violation of The Vehicle Code. Judge Atlee said in his opinion, "The defendant has lost no rights by waiving a summary hearing and giving bond to appear in court". Likewise, in Commonwealth v. Hastings, 14 D. & C. 811, on a rule to quash proceedings brought before an alderman for violation of The Vehicle Code on a charge of reckless driving, the court considered the matter although the defendant had waived the hearing and entered bail for court. See also Commonwealth v. Milliren, 10 D. & C. 393, in which the purpose of the legislation in question is fully discussed.

It is true that penal statutes must be construed strictly, and doubt concerning their interpretation should be resolved in favor of the accused. However, a penal statute is not to be so strictly construed as to defeat the action: Bartolett v. Achey, 38 Pa. 273. In Thompson v. Delaware, Lackawanna & Western R. R. Co., 41 Pa. Superior Ct. 617, 622, the court said: "Nothing is better settled than that statutes should receive a sensible construction, such as will effectuate the legislative intention".

Whether words of a statute are to be construed as mandatory or merely directory depends upon whether the thing directed to be done is of the essence of the thing required, or is a mere matter of form: Apollo Borough v. Clepper, 44 Pa. Superior Ct. 396. In McQuiston's Adoption, 238 Pa. 304, it was decided that whether an act is mandatory or directory depends upon the intention of the legislature, and if it appears by construing the act as mandatory that the purpose of the act would be seriously impaired, while a contrary construction preserves its efficiency, the latter construction will prevail.

In the instant case, the notice and the purported copy of the information are on the same printed blank. Considered together they contain all the essential requirements of The Vehicle Code. The better practice is to send by registered mail a true and correct copy of the information with the notice under the act of

assembly in question, but the court feels in the instant case that the true intent and purpose of the act of assembly has been complied with where the defendant received all the necessary information, appeared voluntarily, and submitted himself to the jurisdiction of this court. This is not a case where the time within which the act must be done is fixed by statute and the courts have no power to extend it, as decided in Steigler v. Petitioners for Road in Peach Bottom Township, York County, 105 Pa. Superior Ct. 66.

Accordingly, the motion to quash this proceeding is overruled, and it is ordered and directed that the case be heard on its merits.

From George Ross Eshleman, Lancaster, Pa.