Andrews Land Company et al. *v.* Erie, Appellant.

Argued September 28, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

174

*Edward M. Murphy*, City Solicitor, with him *Henry R. Jeffs*, Assistant City Solicitor, for appellant.

*Chas. P. Hewes*, for appellee.

*Enoch C. Filer*, for intervener, appellee.

OPINION BY MR. JUSTICE LINN, November 12, 1937:

Part of a tract of land owned by the Andrews Land Company, a corporation, was taken by the City of Erie for a sewer. Viewers were appointed on the owner's petition. Erie Cemetery Company and Erie Mortgage Company, holders of mortgages on the land, intervened to assert their respective rights as lien holders. August 8, 1935, the viewers filed their report awarding $8,000 compensation. September 5, 1935, the Andrews Land Company appealed from the award. On September 12, 1935, which, it will be noted, was after the expiration of the period allowed for appeal by the statute (Section 2832, 2842, Third Class City Code, 1931, P. L. 932, 53 PS sections 12198—2832, 12198—2842) the City of Erie, by leave of court, filed an appeal *nunc pro tunc*. Before the viewers reported the Andrews Land Company was adjudged bankrupt. The trustee in bankruptcy did not intervene. The appeal was tried* and the jury rendered

---

* Pursuant to the following order: "DECREE FOR FEIGNED ISSUE. And now to wit; November 4, 1935, on motion of Charles P. Hewes attorney for the plaintiff, an issue is awarded in the above stated action to determine the damages, if any, due plaintiff from defendant, by reason of the latter's entry upon the lands of

a verdict in favor of the City of Erie. The Andrews Land Company and the Erie Mortgage Company, one of the interveners, moved for a new trial, and the Erie Cemetery Company, the other intervener, moved to strike off both appeals from the viewers' award, that of the Land Company which had been taken in time, and that of the City of Erie which had been taken after the statutory time for appeal had passed. The court granted the motion and struck off the appeals with the result that the Cemetery Company claims to assert a right to the $8,000 as an award of viewers unappealed from. From that order the City of Erie has now appealed.

The court was right in striking off the city's *nunc pro tunc* appeal because it is well settled that the court may not extend the period fixed by statute for appeal: *Singer v. R. R. Co.,* 254 Pa. 502, 98 A. 1059; *Wise v. Cambridge Springs Borough,* 262 Pa. 139, 104 A. 863; *Steigler v. Petitioners for Road,* 105 Pa. Super. Ct. 66, 161 A. 719; see *East Lake Road and Payne Avenue,* 309 Pa. 327, 163 A. 683; but striking off the city's appeal did not affect the jury trial which was adequately supported by the appeal taken in the name of the Land Company. The court erred in striking off the Land Company's appeal. The reason given was that the Land Company "had no legal standing whatsoever to take such an appeal. The trustee in bankruptcy did not join nor take any action as to filing exceptions or the taking of the said appeal," but it is settled in Pennsylvania that the assent of the trustee in bankruptcy was not necessary: *Carroll v. Hannon,* 288 Pa. 320, 324, 136 A. 212; see also *Johnson v. Collier,* 222 U. S. 538, 540. There is an additional reason for sustaining this appeal though taken in the name of the Land Company. The mortgagee, the

---

the plaintiff as described in the petition for a view. In which issue the said Andrews Land Company, use of etc. shall be the plaintiff and the City of Erie defendant. The said issue to be placed at the head of the January, 1936, Trial List."

Erie Cemetery Company, had been allowed to intervene after the bankruptcy, and before the Land Company appealed. One result of the intervention was that the appeal stood, not for the Land Company alone, whether in bankruptcy or not, but also for the intervener as its interest might appear. This subject was considered in *Harris's Appeal*, 323 Pa. 124, 127, 186 A. 92, where we said, "Our decisions establish that in carrying on this type of litigation and securing a proper award the property owner sustains a trust relation as to creditors possessing liens on the property, sufficient to entitle the latter to equitable aid in enforcing such liens upon timely intervention in the proceedings." See also *Knoll v. Ry. Co.*, 121 Pa. 467, 474, 15 A. 571; *Sarapin v. Phila.*, 306 Pa. 388, 159 A. 866; *Keller's Appeal*, 2 Walker 32. The fiduciary nature of the Land Company's standing as an appellant from the award of the viewers was recognized by the parties in framing the issue for trial, quoted above, because it states "In which issue the said Andrews Land Company, use of etc. shall be the plaintiff and the City of Erie defendant"; the words "use of etc." show the representative standing of the legal plaintiff. The verdict for the city, found at the trial, cannot be set aside by erroneously striking off the appeal of the Land Company and is not affected by striking off the invalid appeal taken by the city. We must therefore reverse so much of the order as struck off the appeal of the Andrews Land Company. As this appeal furnished the jurisdictional requirement for the jury trial the verdict for the City of Erie would be the end of the case but for the fact the plaintiff in the issue moved for a new trial, which, so far as appears, was dismissed *pro forma*.

As the appeal to this court was taken within the time allowed by the statute, after the action of the court in banc on the exceptions, the motion to quash is dismissed. The motion for a new trial is reinstated and the record is remitted to enable the court to pass on the merits of the motion, costs to abide the judgment.