## Collegeville Building & Loan Association v. Commonwealth

*Victor J. Roberts*, of *High, Dettra & Swartz*, for petitioners.

*Eli F. Wismer*, for respondents.

*Paul P. Wisler*, Special Deputy Attorney General, for Commonwealth.

DANNEHOWER, J., April 5, 1943.—On petition of the mortgagee a rule was granted upon the owners of land to show cause why they should not be treated as trustees for the benefit of the mortgagee, as a lienholder at the time of the condemnation, and to permit said mortgagee to do in their names whatever may be necessary for an adjustment of the damages, and to allow

the jury of view to enter an award directing payment of the damages to said mortgagee.

The owners filed an answer, admitting that petitioner was the holder of a valid mortgage against the premises at the time of the condemnation, and that the sum of $500 agreed to by the Commonwealth of Pennsylvania, the mortgagee, and the jury of view, represents the reasonable amount òf damages, but that since the mortgagee foreclosed said mortgage and purchased the premises at the sheriff's sale after the condemnation the mortgage was satisfied, and the owners should receive said damages.

Since all the facts are admitted, the question involved is, where real estate which is subject to the lien of a mortgage has been condemned and appropriated by the Commonwealth of Pennsylvania under its power of eminent domain, and subsequent to the date of the appropriation the mortgagee foreclosed the mortgage and purchased the property at sheriff's sale for costs and taxes ($231), when the judgment was for $1,241.25, is the mortgagee entitled thereafter (the mortgage being still unsatisfied of record) to treat the owners as trustees of the damage claim and have the jury of view make an award of said damages to said mortgagee?

The real estate involved in this case was owned by Edward H. Tyson and was subject to a first mortgage held by the Norristown-Penn Trust Company and a second mortgage of $1,000 held by the Collegeville Building & Loan Association. Edward H. Tyson died on July 25, 1935, and his heirs at law became the owners of this real estate. On December 23, 1935, the Commonwealth of Pennsylvania, in exercise of its power of eminent domain, appropriated a portion of said real estate having a frontage on the State highway. Thereafter, on January 2, 1936, said real estate was sold at sheriff's sale to the Collegeville Building & Loan Association, as plaintiff in the foreclosure pro-

ceeding on the second mortgage, for $231, as shown by the records of our court. The judgment was for $1,-241.25, and the deed poll was recorded on February 8, 1936. The Collegeville Building & Loan Association, as owner, then took care of the first mortgage of the Norristown-Penn Trust Company, which was subsequently satisfied of record.

After respondents, as the real owners of the property at the time of the appropriation by the Commonwealth, had refused to take any action in regard to the assessment of damages, the Collegeville Building & Loan Association, one day before the six-year statute of limitations expired on December 22, 1941, petitioned for the appointment of a jury of view to assess the damages. Said jury of view, after appointment, held a view and have decided upon $500 as the amount of damages, which is agreeable to all the parties. The jury of view has not filed its report nor made an award, because the real owners at the time of the condemnation were not parties to the record. Hence the present petition and rule.

It is well settled that, where property subject to a mortgage is appropriated by eminent domain and the owner is awarded compensation, the holder of the unsatisfied mortgage is entitled to have his name substituted for that of the owner as the party to whom the damages are to be paid to the extent of the amount necessary to satisfy the mortgage. The court will protect the rights of a lienholder, and the creditor has a right to intervene and claim the award to the extent necessary to satisfy his lien. Moreover, protection is given lienholders by statutory provisions requiring that in all condemnation proceedings the petition shall specify the liens. The viewers' report must contain as a finding of fact the nature and amounts of the liens upon the property, and distribution of the fund is to be made in accordance with the findings.

In this condemnation proceeding the mortgagee was the petitioner. The mortgagee's position is not that of owner, as he could act only through an application to the court's equitable powers in order to prevent the owner's fraud or neglect from depriving him of the security for his debt. Thus, the mortgagee's remedy where the owner refused to act to obtain an assessment of damages, or where it appeared likely that the owner would take the award and not pay off the mortgage, was to petition for leave to file the petition in the owner's name or, where the damages were assessed, to petition for an order that the money be paid into court and then distributed to the lienholders. The procedure has been simplified by a decision that the lienholder may intervene and obtain an order for the payment of the award directly, without the technical procedure of payment into court: In re General Robinson Street, 79 Pitts. L. J. 393. Where a mortgagee forecloses and buys the property in at sheriff's sale after the injury was done, he may nevertheless intervene and have the damages paid to him: McCabe v. Arcuri, 79 Pitts. L. J. 89. The theory of his recovery is not that he is a subsequent grantee of the property, but that when he was mortgagee the value of his security was impaired by the injury done to the property: Sarapin v. Philadelphia, 306 Pa. 388.

In the instant case, petitioner's mortgage, though foreclosed, has never been discharged as to the appropriated strip of ground. The sheriff's sale was held after the condemnation and did not pass title to the piece of land that had been appropriated by the Commonwealth and in place of which the fund representing the damages, which have been agreed upon, now stands.

Petitioners were the holders of a valid mortgage when the condemnation occurred. The mortgage has never been satisfied on the record. The fact that said mortgage was foreclosed and petitioners became the purchasers at the sheriff's sale for costs and taxes at

a subsequent time is entirely immaterial. The rights of the owners and the mortgage creditor were fixed on December 23, 1935, the date of the condemnation, and the subsequent foreclosure did not affect the rights thus fixed. We are of the opinion that the prayer of the petitioner should be granted.

And now, April 5, 1943, for the foregoing reasons, the rule is made absolute, and the Collegeville Building & Loan Association is hereby given leave to proceed in the names of the real owners at the time of the condemnation—Elizabeth C. Tyson, Edwardine E. Tyson, Marion Tyson Brunner, Beatrice Tyson Bowers, and Horace A. Tyson; to do in their names whatever may be necessary for an adjustment of the damages; said owners may be treated as trustees for the benefit of said mortgagee and the jury of view is hereby permitted, in their discretion and according to their findings, to enter an award directing payment of said damages directly to the lienholder.