## King Appeal

*Daniel L. McCarthy,* for petitioner.
*H. T. McFadden,* for respondent.

PALMER, J., July, 1963.—This matter is before the court on a rule obtained by Charles W. King, Florence C. McGuire, and Wilbur L. King, owners, directing the Redevelopment Authority of the City of Bethlehem to show cause why there should not be reargument on exceptions to, and an appeal from, the award of a board of view.

By an opinion and order of court filed February 25, 1963, we dismissed the exceptions and quashed the appeal on the ground they were filed after the expiration of the statutory 30-day period. On the same day, the owners filed a general exception to this order of court. On June 4, 1963, when this exception came before the court en banc for argument, the Redevelopment Authority answered "ready," its brief having

been submitted to the court on May 29, 1963. Counsel for exceptants then informed the court he had no brief. This is in clear violation of Northampton County Rule 210 which required him, as counsel for the moving party to deliver his brief to the adverse party 10 days before argument and which further required that a copy of his brief be delivered to each judge of the court en banc five days before the date for argument. He thereupon informed the court, and apparently opposing counsel, for the first time, of his intention to argue that the 30-day mandatory period has been extended by the failure of the board of view to comply with the notice provisions contained in Northampton County Rule 257, quoted below.

The court en banc refused to hear the argument because of this failure of counsel to comply with Northampton County Rule 210, and, in an effort to have the case proceed in an orderly fashion, he was directed to file a petition for reargument with the writer of this opinion, who had filed the opinion and order of court on February 25, 1963.

The burden of the petition, and the brief in support thereof, is that the owners were prejudiced and misled to their detriment in taking their exceptions and filing their appeal because the Board of View did not comply with Northampton County Rule 257, which provides that:

"In all cases where the court shall appoint viewers for the laying out of roads, or for condemnation of property under the exercise of the right of eminent domain, before filing the report of the viewers, the viewers shall be required to give the parties or their counsel five days' notice of their intention to file such report, and shall set forth in their report the fact that such notice was given."

In the instant case, the board of view was appointed on March 26, 1962. On July 24, 1962, it gave notice of

the time and place where it would meet and exhibit its schedule and hear the exceptions thereto. It sat for this purpose on August 6, 1962. On August 7, 1962, the board filed its report in the prothonotary's office of Northampton County and advertised the same in the Bethlehem Globe Times on August 9th, and in the Northampton County Reporter on August 16, 1962. In addition, on August 7, 1962, the board addressed a letter to counsel for the owners and exceptants informing him that it had filed its report on the same day. This letter was received by counsel on August 8. The appeal and exceptions were filed September 7, 1962, 31 days after filing of the report.

The question here presented is whether the owners were so prejudiced or so misled to their detriment by the failure of the board to give notice under Northampton County Rule 257 as to give rise to an exception to the mandatory 30-day appeal and exception statutes. Where, as here, the legislature by statute has fixed the time within which an act must be done, the courts have no power to enlarge it except in case of fraud or its equivalent: Andrews Land Co. v. Erie, 328 Pa. 173; Singer v. Railroad Company, 254 Pa. 502; Steigler v. Petitioners for Road in Peach Bottom Township, 105 Pa. Superior Ct. 66. Similarly, in Bartron v. Northampton County, 36 D. & C. 414, it was held that where a board of view gave notice of the wrong date upon which its report was filed, the notice was so misleading as to be the equivalent of a wrongful or negligent act of a court officer thus giving the court power to extend the time for taking an appeal. It has, however, been held that where no fraud or the equivalent thereof, is shown, appeals which are not timely will be disallowed. The mistake or neglect of the attorney for the party desiring to appeal is not sufficient ground for relief . . . courts have no power to extend the time for an appeal as a matter of in-

dulgence, and . . . something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc: 2 P. L. Encyc. Appeals §191.

We are not persuaded the owners were misled to their prejudice by the failure of the board of view to give the notice provided in Northampton County Rule 257. As noted in our prior opinion, proper statutory notice of the filing of the report was filed on August 7, 1962. Notice thereof was received by counsel for the owners the following day. The owners are presumed to have known they were required to file their exceptions and appeal within 30 days after the award was filed. They themselves overlooked Northampton County Rule 257. As noted in our prior opinion, proper statutory notice of the filing of the report of the board of view was given. The report was filed on August 7, 1962. Notice thereof was received by counsel for the owners the following day. The owners are presumed to have known they were required to file their exceptions and their appeal within 30 days after the award was filed. They filed their exceptions and their appeal after the expiration of the 30-day period. They themselves overlooked Northampton County Rule 257, since they neither mentioned it in their brief in the original argument nor argued it.

For these reasons the rule to show cause why reargument should not be permitted is dismissed and denied.

### Order of Court

And now, July 8, 1963, the rule to show cause why there should not be reargument on exceptions to, and an appeal from, the award of a board of view in the instant case is discharged and denied.