Lima Building Stone Quarry, Inc., Appellant, *v.*
Commonwealth of Pennsylvania,
Department of Highways.

Argued March 16, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Basil C. Clare,* for appellant.

*George R. Specter,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., April 15, 1965:

The Commonwealth of Pennsylvania condemned a strip of appellant's land in Delaware County and upon appellant's petition to the Quarter Sessions Court of that county viewers were appointed to assess the damages for such taking. The viewers filed their report with the Quarter Sessions Court on February 13, 1964, and no exceptions to it having been filed, it was confirmed on or about March 13, 1964. On April 1, 1964, appellant took an appeal to the Common Pleas Court but on the motion of the Commonwealth that court quashed the appeal as having been filed beyond the time allowed by the Act of June 1, 1945, P. L. 1242, §303, 36 P.S. §670-303, which provides, "At the end of thirty (30) days after the filing of the report, if no exceptions thereto have been filed, the report shall be confirmed absolute by the court, without waiting until the next term of court. If all parties in interest waive the thirty (30) day period before confirmation absolute, and shall in writing agree to have the report of the viewers confirmed absolute at any time before the expiration of the thirty (30) day period, the court may enter confirmation absolute accordingly. The county commissioners, or any other party to such proceedings, may within thirty (30) days after the filing of the report of the viewers, appeal from the award of the viewers to the court of common pleas, and shall be entitled to a trial by jury. . . ." Section 304 of the Act of 1945

adopts the provisions applicable to appeals set forth in section 303, 36 P.S. §607-304.

It is appellant's contention that the Act of 1945 did not change the time for taking appeals to the common pleas court as it existed under the Acts of April 15, 1891, P. L. 17, §1, 36 P.S. §2151, and May 31, 1911, P. L. 468, §32,[1] except where the parties waived the waiting period of 30 days between the time of the filing of the report and the time of the final confirmation, in which case appellant concedes the time allowed is to be governed by the date of filing rather than the date of final or absolute confirmation. We do not accept such a limited construction of the Act of 1945, and hold that in either case, with or without a waiver, the time allowed by that act for taking an appeal to the common pleas court is 30 days from the filing of the report. Although this question was not raised in *Romberger Appeal,* 190 Pa. Superior Ct. 11, 151 A. 2d 805 (1959), in which there was no waiver of confirmation, this Court considered an appeal as timely although taken before the final confirmation of the viewers' report but within 30 days after the report was filed. It is not an unreasonable provision since there is no reason to delay such appeals until after final confirmation of the report of the viewers.[2] The filing of excep-

---

[1] Specifically repealed by section 1101 of the Act of 1945, supra, 36 P.S. §670-1101.

[2] General statute relating to appeals in eminent domain cases: Act of June 13, 1874, P. L. 283, §1, 26 P.S. §61.

Nonbusiness Corporation: Act of April 29, 1874, P. L. 73, §41, amended by the Act of May 5, 1911, P. L. 112, §1, 15 P.S. §483.

The County Code: Act of August 9, 1955, P. L. 323, §2424, 16 P.S. §2424.

Second Class County Code: Act of July 28, 1953, P. L. 723, §2624, 16 P.S. §5624. Section 2623, 16 P.S. §5623, provides for appeals from the absolute confirmation of viewers' reports to the Superior Court or the Supreme Court.

Eminent Domain Code of June 22, 1964, special session, P.L. 84, §515, 26 P.S. §1-515.

tions to a viewer's report is independent of the right to take an appeal from the report, and there is no inconsistency in filing exceptions and in entering an appeal at the same time. *William Bowers v. Braddock Borough*, 172 Pa. 596, 33 A. 759 (1896); *P. G. D. Strang v. Braddock Borough*, 172 Pa. 601, 33 A. 760 (1896); *Wright v. County of Lancaster*, 101 Pa. Superior Ct. 87 (1931). Such appeals are from the award of the viewers and not from the court's order of confirmation.

The Act of 1891, supra, provided for appeals to the common pleas court in proceedings of this nature "Provided, The appeal be taken within thirty days after the final confirmation of the report of said jury." When the Sproul Act of 1911, P. L. 468, supra, creating the State Highway Department and System was enacted, the Act of 1891 was incorporated in it by a provision to the effect that proceedings relative to the assessment and ascertainment of damages and benefits resulting from the opening of a public highway were to be governed by existing laws. However, the application section of the Act of 1911 was repealed by the Act of 1945, which has changed the time during which such appeals shall be taken, as previously stated.

Appellant contends further that if the Act of 1945 is to be interpreted as we have hereinbefore interpreted it, it is unconstitutional as violative of Article 3, Section 3, of the Pennsylvania Constitution in that the subject matter of appeals from the report of viewers is not mentioned in the title of the act. The title reads as follows: "An Act relating to roads, streets, highways and bridges; amending, revising, consolidating and changing the laws administered by the Secretary of Highways and by the Department of Highways relating thereto."

The Act of 1945 is a complete embodiment of the law insofar as state highways are concerned. It is an

exclusive act. Its title clearly expresses to anyone specifically interested that its purpose is comprehensive. A statute need not mention in its title every provision of the bill nor index every provision. *McSorley v. Fitzgerald*, 359 Pa. 264, 59 A. 2d 142 (1948); *Commonwealth ex rel. Gerchman v. Maroney*, 203 Pa. Superior Ct. 293, 201 A. 2d 319 (1964). See also, section 91 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 P.S. §591.

There is likewise no merit in appellant's final contention that the Act of 1945, as we have interpreted it, is violative of Article I, Section 10, of the Pennsylvania Constitution and the Fourteenth Amendment of the United States Constitution. *Strong Appeal*, 400 Pa. 51, 161 A. 2d 380 (1960), cited by appellant, does not support its contention. In that case the question related to the time the period for filing petitions for the assessment of damages began to run and not to the time for appealing from the report. Since appellant was the petitioner in the present case, and its right to file such a petition has not been questioned, its constitutional rights have not been violated. However, statutes limiting the time during which appeals may be taken in judicial proceedings have found general judicial sanction, and are mandatory on our courts. *Andrews Land Company v. Erie*, 328 Pa. 173, 194 A. 915 (1937); *Singer v. Delaware, Lackawanna & Western Railroad Company*, 254 Pa. 502, 98 A. 1059 (1916); *Taylor Motor Rental, Inc. v. Associates Discount Corporation, Inc.*, 196 Pa. Superior Ct. 182, 173 A. 2d 688 (1961); *W. W. Grainger, Inc. v. Ruth*, 192 Pa. Superior Ct. 446, 161 A. 2d 644 (1960).

We conclude that appellant's appeal from the viewers' report was filed beyond the time provided by the Act of 1945 and was properly quashed for that reason.[3]

---

[3] President Judge SHEELY of the 51st Judicial District, in a learned opinion, reached the same conclusion in *Appointment of*

Order affirmed.

*Viewers to Assess Damages to Behney Real Estate,* 15 Pa. D. & C. 2d 686 (1958).