436 A.2d 215

**Barbara PUGAR**

v.

**Dominic GRECO, Appellant,**

v.

**Ina BRUNWASSER.**

Superior Court of Pennsylvania.

Argued Jan. 13, 1981.
Filed Oct. 23, 1981.

John M. Silvestri, Pittsburgh, for appellant.

Allen N. Brunwasser, Pittsburgh, for appellees.

Before SPAETH, SHERTZ and MONTGOMERY, JJ.

SPAETH, Judge:

This is an appeal from an order denying a motion to quash an appeal from compulsory arbitration. We affirm.

This case has an extensive and unusual procedural history, which we must review in order to define the issue now before us.

On June 25, 1976, an automobile owned by appellee Barbara Pugar and driven by appellee Ina Brunwasser was involved in an accident with an automobile driven by appellant Dominic Greco. Pugar filed suit against Greco, claiming damages to her automobile of $127.40. Greco joined Brunwasser as an additional defendant. The case was re-

ferred to compulsory arbitration, and on both claims—Pugar's against Greco, and Greco's against Brunwasser—the arbitrators found in favor of Greco. The arbitrators' award was docketed on January 11, 1977.

Pugar and Brunwasser did not perfect an appeal from the arbitrators' award. Instead, within the 20 day period then allowed for perfecting an appeal, they filed a motion with the lower court for permission to appeal without payment of additional costs. They claimed that in a case involving only $127.40, the requirement that in order to perfect their appeal they had to pay a $60 non-returnable arbitration fee chilled their constitutional right to a jury trial. The lower court denied this motion by an order dated January 28, 1977, but not docketed until February 1st. Pugar and Brunwasser appealed that order to this court. We granted Greco's motion to quash the appeal as interlocutory. On allocatur, the Supreme Court affirmed our order. *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978).

Within 20 days of the Supreme Court's decision, Pugar and Brunwasser paid the $60 arbitration fee and perfected their appeal from the arbitrators' award. Greco moved to quash the appeal as untimely. He argued to the lower court, as he does to us, that Pugar's and Brunwasser's original motion to the lower court—their motion for permission to appeal from the arbitrators' award without payment of the additional costs—did not operate to toll or extend the period for perfecting an appeal from an arbitration award, and that therefore the award had become final and unappealable. The lower court denied the motion to quash, and Greco filed this appeal.[1]

---

1. The appeal is interlocutory. However, Greco's claim that the requirements for perfecting an appeal from arbitration were not complied with raises a question of jurisdiction. *James F. Oakley, Inc. v. School District of Philadelphia*, 464 Pa. 330, 346 A.2d 765 (1975); *Drozdowski v. Keystone Truck Leasing Co.*, 277 Pa.Super. 55, 419 A.2d 657 (1980). The Act of March 5, 1925, P.L. 23, § 1, repealed by the Act of April 28, 1978, P.L. 202, No. 53, § 2(a) [1069], effective June 27, 1980, permitted an interlocutory appeal of a lower court determination of jurisdiction. Since this appeal was filed on

The lower court said that it denied Greco's motion to quash because it understood the Supreme Court's opinion in *Pugar v. Greco, supra,* to say that if Pugar and Brunwasser paid the disputed fee, they could file an appeal from the arbitrators' award and have a jury trial. We agree with the lower court's understanding of the Supreme Court's opinion. The critical part of that opinion said:

Appellants [Pugar and Brunwasser] are not "out of court," either on the merits of the automobile accident claim *or on the right to the jury trial question. Upon payment of the fee and costs appellants' appeal from the adverse arbitrators' award will proceed* in the customary manner. If they or either of them should not succeed in that *de novo* trial, *the alleged error in requiring the payment of the $60 fee* as a condition of the ability to have a jury trial *can be raised on appeal in the normal course,* along with any other assignments of error.

*Pugar v. Greco, supra,* 483 Pa. at 74, 394 A.2d at 545 (emphasis added).

This is a specific description—a roadmap—of the course this case should follow. If we accepted appellant's argument that by failing to appeal from the arbitrators' award within 20 days Pugar and Brunwasser had forever lost their right to appeal, we should have to hold that this case had already become moot when the Supreme Court heard it and filed its opinion with the instructions we have just quoted.

Our duty, like that of the lower court, is to try to understand and follow the directions of the Supreme Court. However, we do not reach the result we do only because we believe it is required by the Supreme Court's opinion; even without the guidance of that opinion we should reach the same result.

It is true that the general rule is that requesting reconsideration or some other form of relief—and that is what Pugar's and Brunwasser's motion for permission to appeal from the arbitrators' award without payment of additional

May 6, 1980, before the effective date of the repeal of the Act of 1925, it is properly before us.

costs represented—does not provide additional time for perfecting an appeal; the clock continues to run. *See, e. g.,* Pa.R.A.P. 1701(b)(3). However, this rule is inapplicable here, for here Pugar's and Brunwasser's motion did not challenge an order of the lower court *per se* but instead, challenged the very appeal procedure itself.

The relevant paragraphs of appellees' motion were as follows:

15. That in order to take the appeal [from the arbitrators' award] your petitioners will be required to pay $60.00 arbitration fee which is not recoverable in the event the verdict of the arbitrators is reversed and will also be required to pay a jury fee and docketing costs.

16. That, as a result, the costs advanced in order to process the case are almost equal to the amount involved $127.40.

17. That to require the payment of $60.00, nonreturnable arbitration fee, in order to process to a jury trial or to a Judge trial a case involving $127.40 is a violation of due process of law and also an affirmative discouragement of the right to trial by jury as defined by Article 1, Section 6 of the Pennsylvania Constitution.

Stated another way, the costs in this case will deprive your petitioners of the right to a trial by jury or even the right to have the matter heard by a Judge and thus will make unavailable the constitutional right to have the court open for the redress of grievances.

This motion was filed within 20 days of the arbitrators' award and was therefore timely. It squarely raised the issue of whether the non-returnable fee requirement incident to an appeal from compulsory arbitration impermissibly burdens the right to a jury trial provided by the Pennsylvania Constitution. In every respect except in name it was equivalent to an appeal.

Of course, in retrospect it may be said that instead of filing their motion for permission to appeal from the arbitrators' award without payment of additional costs, Pugar and Brunwasser should have paid the $60 fee. However, their

decision not to pay the fee but instead to file their motion was based on the belief that once they paid the fee, they would forever lose their ability to challenge its constitutionality. We now know they were wrong, because the Supreme Court has told us so. *Pugar v. Greco, supra*, 483 Pa. at 74, 394 A.2d at 545. Nevertheless, their belief was not only reasonable but supported by authority. "Numerous cases hold that one who invokes, or acquiesces in, an unconstitutional enactment or proceeding is barred from asserting its invalidity; [citations omitted]." *Montgomery County Bar Association v. Rinalducci*, 329 Pa. 296, 298, 197 A. 924, 926 (1938).

Greco argues that Pugar and Brunwasser could and therefore should have appealed to this court within the 20 day period for appealing from the arbitrators' award and thereby have stopped the clock. This argument is without merit. Even if such an appeal would have stopped the clock, Pugar and Brunwasser could not have filed it. The lower court's order denying their motion for permission to appeal the arbitrators' award without payment of additional costs was not *docketed* until after the 20 day period had expired. The fact that the court's order was *dated* within the 20 day period is immaterial; an appeal from an order may not be taken until the order has been docketed. Pa.R.A.P. 301(a).

The merits of Pugar's and Brunwasser's challenge to the constitutionality of the requirement that they pay a $60 non-returnable fee in order to perfect an appeal from compulsory arbitration are not before us, and it would be improper to suggest how we should decide the case if the merits were before us. However, our discussion so far implies the conclusion that the challenge is not frivolous. If we thought the challenge frivolous, we should have been sorely tempted to quash the appeal, just to end the matter, instead of threading our way through its procedural complexities. After all, twice to this court and once to the Supreme Court for a case involving $127.40 seems a bit much. However, instead of being frivolous, Pugar's and Brunwasser's appeal raises an issue that is of some impor-

tance to the system of compulsory arbitration and should be decided.

The Arbitration Act of 1836, 5 P.S. § 1 *et seq.* (repealed), provided that either party to a civil action could "enter . . . a rule of reference, wherein he . . . declare[d] his determination to have arbitrators chosen. . . ." *Id.* at 21.[2] However, it was not until the Arbitration Act of 1952, Act of January 14, 1952, P.L. (1951) 2087, amended the Act of 1836 that courts of common pleas were permitted by local rule to *require* arbitration, even if both parties wanted the case to be heard by the court, in cases where the amount in controversy was less than a certain figure—then set at $1000. 5 P.S. § 30 (repealed). The Act of 1952 also provided that while there was an absolute right of appeal, with a trial *de novo* in the court of common pleas, a condition of the appeal was repayment to the county of the arbitrators' fees.

The Act of 1952 was challenged by a resident of Lancaster County who was the plaintiff in a trespass action that had already been listed for jury trial at the time the Court of Common Pleas of Lancaster County adopted a rule of court providing for compulsory arbitration. The amount involved in the action was $249.19, and the plaintiff's major objection to the Act of 1952 was the same as Pugar's and Brunwasser's objection here—that the requirement that he repay the arbitrators' fees impermissibly burdened his right to have his case decided by a jury. Under the Lancaster County rule the arbitrators' fee was $75.

The case came before the Supreme Court on a petition for a writ of prohibition, asking the Court to forbid the Lancaster County Court from putting its rule in effect. The Court held that "the necessity of paying that amount [the arbitrators' fee of $75] as a condition for the right to appeal would seemingly operate as a strong deterrent, amounting practically to a denial of [the right to a jury trial], if the case

2. The Arbitration Act of 1836, as amended, was repealed by the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, No. 53, § 2a. Compulsory arbitration is now provided for by 42 Pa.C.S.A. § 7361 and governed by Pa.R.C.P. 1301–1314.

should involve . . . as little as $250." *Smith Case*, 381 Pa. 223, 232, 112 A.2d 625, 630, *appeal dismissed*, 350 U.S. 858, 76 S.Ct. 105, 100 L.Ed. 762 (1955). However, rather than granting the relief requested and invalidating the entire procedure for compulsory arbitration, the Court directed that the Lancaster County rule be amended to provide for a lower rate of compensation for the arbitrators when only a small amount was involved. In a footnote the Court suggested that another solution would be for the Legislature to amend the Arbitration Act so that when only a small amount was involved, the appellant would not be required to repay the entire amount. The following year the Legislature did amend the Act to provide that the required repayment not exceed 50% of the amount in controversy. Act of March 15, 1956, P.L. (1955) 1279, § 1.[3]

Here, the $60 fee required is just under 50% of the amount in controversy—$127.40. While the question of whether the 1956 amendment limiting the repayment requirement to 50% of the amount in controversy cures the constitutional problem acknowledged by the Supreme Court in *Smith* is not before us, as we have already mentioned, it may be noted that the $75 fee that the Court said "would seemingly" chill the right to a jury trial in a case involving $250 was only 31% of the amount in controversy. *See also Stein Enterprises, Inc. v. Golla*, 493 Pa. 503, 426 A.2d 1129 (1981) (arbitrator's fees are "cost of suit" within meaning of statute allowing relief to party unable to pay "by reason of poverty;" *Noyes v. Brooks*, 174 Pa. 632, 34 A. 285, 34 A. 450 (1896), overruled).

We therefore conclude that the order of the lower court should be affirmed, and Greco's motion to quash denied, so that Pugar and Brunwasser may proceed with their appeal

---

**3.** The requirement that the compensation of the arbitrators up to 50% of the amount in controversy be repaid as a condition of appeal and not be taxed as costs or otherwise recovered is carried forward in the rules of civil procedure now governing arbitration. Pa.R.C.P. 1308(a)(2).

and trial *de novo*, and in due course, as contemplated by the Supreme Court, present their constitutional argument.

So ordered.

MONTGOMERY, J., files a dissenting opinion.

MONTGOMERY, Judge, dissenting:

I most strongly dissent. I do not believe that the Appellees should be permitted to perfect an appeal at this late date from the award of the arbitrators. I believe that it is clear that a party may not avoid the statutory time limits provided for such an appeal by the mere filing of a separate appeal from a clearly interlocutory order.

There are numerous cases holding to the general rule that proceedings subsequent to a final judgment or order do not toll the running of the statutory time within which an appeal must be taken. See *In Re Hanna's Estate*, 367 Pa. 337, 80 A.2d 740 (1951), in which the Supreme Court cites a multitude of cases, involving various situations, and all holding that the time for an appeal is not extended because of post-judgment or post-decree requests for relief by a party who thereafter seeks to appeal in an untimely manner. The cases cited by the Supreme Court in *In Re Hanna's Estate* may be directly analogized to the situation presented in the instant case. Our own Court has stated that statutes limiting the time during which appeals may be taken in judicial proceedings are *mandatory* in our courts. See *Lima Building Stone Quarry, Inc. v. Commonwealth of Pennsylvania*, 205 Pa.Super. 365, 208 A.2d 884 (1965), and cases cited therein.

The Majority makes much of the fact that the order of the lower court, denying the Appellees the right to appeal without payment of the arbitrators' fee, was not docketed until one day after the statutory period for taking such an appeal had expired. Such fact, in my view, was of no consequence, and certainly provided no legal basis for extending the period for filing an appeal from the decision of the arbitrators. If the lower court had granted the request-

ed relief, the Appellees could certainly have made appropriate application for the refund of the arbitrators' fee which may have been paid, but in any event, the appeal would have had to have been timely filed. The lower court's denial of the requested relief similarly did not operate to extend the time for an appeal to be filed. I find nothing in the record to suggest that the Appellees were prevented from asking the lower court to allow them to appeal *nunc pro tunc*, because of the time sequence which evolved in the docketing of the court's order one day after the final date for filing of an appeal.[1] Further, nothing would have inhibited the Appellees from filing their appeal, with the payment of the costs, including the arbitrators' fee, while simultaneously filing a motion or petition protesting the latter charge and seeking a refund. There clearly could not have been a finding of a waiver of the issue in such circumstances, especially since the original motion regarding the costs matter was previously filed and then still pending before the court.[2]

Instead of taking such action the Appellees appealed from a clearly interlocutory order, both to our Court and to the Supreme Court, causing a delay of four years in all proceedings.[3] One could not envision a more clear example of an abuse of procedure, nor devise a more dilatory tactic to frustrate the expeditious and orderly disposition of the litigation. I cannot join the Majority in furthering such injustice by now granting the Appellees an opportunity to perfect an appeal from the arbitrators' award. Moreover, in view of

1. The Appellees presented the petition concerning costs on a Friday, only three days prior to the expiration of the statutory period for the filing of the appeal from arbitration.

2. It cannot be ignored that the Appellee's motion did not claim that they could not afford to pay the arbitrator's fee, but merely that the requirement for such payment violated their Constitutional rights.

3. I do not read the Supreme Court decision in this case as holding that the Appellees had further appeal rights after their appeal from the interlocutory order was quashed. The Supreme Court spoke in general terms in explaining what an appellant could do in similar circumstances, *if an appeal on the merits was perfected within the statutory time limits.*

the blatantly dilatory conduct of the Appellees, I would impose on them all costs incurred by the Appellant in the process of the appeals from the interlocutory order, including attorney fees.